## Foster, Appellant, v. Fidelity Fire Insurance Company.

*Insurance—Fire insurance—Remote and proximate cause—Injury by fire engine on way to fire.*

In an action on a policy of fire insurance no recovery can be had for an injury to the insured building by reason of a fire engine on its way to a fire being deflected from its course and colliding with the building in question. In such a case the fire is not the proximate cause of the injury sustained.

Argued Jan. 13, 1904. Appeal, No. 13, Jan. T., 1904, by plaintiff, from judgment of C. P. Luzerne Co., on case stated for defendant in suit of Charles D. Foster v. Fidelity Fire Insurance Company of Baltimore City. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine liability on a policy of fire insurance.

The case stated after setting forth the policy of fire insurance on plaintiff's premises continued as follows:

On March 26, 1902, at about 12:30 P. M., a fire was discovered near Posten's livery stables on North Main street at a point, in a direct line from the front of plaintiff's building, about 650 feet distant therefrom. An alarm was immediately sent to the Wilkes-Barre Fire Department. Among the apparatus dispatched by the fire department to the scene of the fire was their engine No. 1, which is kept at the engine house on East Ross street, a short distance below the corner of South Main street. The station of this engine at the fire would have been on the corner of North Main street and the Public Square, at a point about 350 feet from the point of accident and at a distance of about 400 feet from the fire.

This engine having been dispatched by the nearest and most direct route to its proper station at the fire, in making the turn at the corner of East Market street and the Public Square (the driver being unable to control the horses, or the horses being unable to control the heavy fire engine), left the driveway, crossed the sidewalk, and collided with the front of the plaintiff's building, damaging the same to the amount of $63.00.

The aforesaid fire was comparatively small, not extending beyond the building in which the same originated, and was quickly extinguished by the fire department.

If the court be of the opinion that the above described loss was a "direct loss or damage by fire" within the meaning of the policy, or that the said loss was covered by the said policy, then judgment to be entered for the plaintiff in the sum of $63.00, but if the court be of the opinion that the said loss was not covered by the policy, the judgment to be entered for the defendant. The costs to follow the judgment, either party reserving the right of appeal.

The court entered judgment for defendant on the case stated.

*Error assigned* was the order of the court.

*Ernest K. Little*, and *W. E. Little*, for appellant.—The fire was the proximate cause of the loss: Greenwald v. Ins. Co., 3 Phila. 323; Collins v. Ins. Co., 9 Pa. Superior Ct. 576; White v. Ins. Co., 57 Me. 91; Witherell v. Ins. Co., 49 Me. 200; Waters v. Ins. Co., 36 U. S. 213; Ins. Co. v. Transportation Co., 79 U. S. 194; Lynn Gas & Elec. Co. v. Meriden Fire Ins. Co., 158 Mass. 570 (33 N. E. Repr. 690); Penna. Co. v. Phila. Contributionship, 201 Pa. 497; Peters v. Ins. Co., 39 U. S. 99; City Fire Ins. Co. v. Corlies, 21 Wend. (N. Y.) 367.

*Thomas F. Farrell*, with him *S. J. Strauss*, for appellee.—There was no relation of cause and effect between the fire and the damage: Wharton on Negligence, sec. 78; Freeman v. Phila., 7 W. N. C. 45; Rosenberry v. Phila., 7 W. N. C. 558; Knight v. Phila., 15 W. N. C. 307; Kies v. Erie, 135 Pa. 144; Lilly v. Scranton, 18 Pa. C. C. Rep. 433; 13th & 15th St. Pass. Ry. Co. v. Boudrou, 92 Pa. 475; Berry v. Sugar Notch Borough, 191 Pa. 345.

OPINION BY HENDERSON, J., March 14, 1904:

A fire occurred in a building situated about 650 feet from the plaintiff's premises. A team attached to an engine belonging to the city fire department on its way to the fire " left the driveway, crossed the sidewalk and collided with the front of plaintiff's building." The cause of the accident is thus set forth in the case stated; " The driver being unable to control the horses, or the horses being unable to control the heavy fire engine." The question presented is, was this a loss or damage by fire within the meaning of the plaintiff's policy? The plaintiff's property was not burned nor damaged by fire. The damage was caused by the breaking of a window. The plaintiff contends, however, that the fire was the cause of the injury ; that it set in motion the train of events which resulted in the loss to him, and that, therefore, a right of action has accrued on his policy. The argument is if there had been no fire there would have been no loss. It is undoubtedly true that compensation is recoverable on a policy of insurance for other losses than those caused by the fire itself, as in the case of goods damaged by water or smoke, or property injured by a falling wall, or by an explosion in the burning building, or goods damaged in removal, or a building destroyed by the fire authorities to prevent the spread of the conflagration. In every case, however, the fact of a fire is indispensable to the right of recovery, and the loss must have such a connection in the sequence of facts that the fire can be said to be the proximate cause of the damage. The train of events, of which the loss is the last, must have had its origin in the fire itself. It does not follow that because the damage complained of was sustained after the fire, it was sustained on account of the fire, nor was it such an injury as was indispensably connected with the fire. The same result might have occurred if the fire department had been summoned on a false alarm, or, if the particular company had been out for exercise or drill. The fire was not the proximate cause of the plaintiff's lost. The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new cause, produced the event, and without which it would not have occurred : Shearman & Redf. on Negl. (4th ed.) section 261.

" A cause between which and the effect no other cause intervenes. In law that from which the effect might be expected to flow without the concurrence of any unforeseen circumstances : " Century Dictionary.

A remote cause is " one which has so far expended itself that its influence in producing the injury is too minute for the law's notice ; or a cause which some independent force merely took advantage of to accomplish something not a natural or probable effect thereof : " Bishop on Non-Contract Law, section 41 ; Scheffer v. R. R. Co., 105 U. S. 249.

The maxim, causa proxima, etc., applies in insurance cases : Copeland v. Insurance Co., 43 Mass. 432 ; Wharton on Negl. section 73 ; Ionides v. Insurance Co., 14 C. B. N. S. 259.

Plaintiff's loss was caused not by members of the fire department in their effort to extinguish the fire, but despite their efforts so to do. At the time of the accident the engine team was not running toward the fire, but in another direction into the plaintiff's building. If the unmanageable team had continued its flight to a remote locality and had there inflicted a similar injury, it could not be seriously contended that the fire was its proximate cause, and we see no distinction between the case as presented and that inflicted by a runaway team. The proximate cause of the injury was an unmanageable team, and its action was not in the line of the performance of a public service, but in direct antagonism thereto. The fire was a condition and not a cause of the particular occurrence. It had no tendency to cause the team to run into the plaintiff's building. If the accident occurred because the team was vicious, or not well broken, or negligently driven, as seems to be conceded in the case stated, none of these causes is attributable to the fire.

The learned judge of the court below reached a correct conclusion. The judgment is, therefore, affirmed.