# Bernhardt, Appellant, *v.* West Penn. R. R.

### [Marked to be reported.]

*Negligence—Railroads—Passenger—Presumption.*

Where an accident to a passenger occurs without any connection with the appliances or means of transportation, or the misconduct of employees, no presumption of negligence arises against the railroad company.

Where a passsenger is injured while alighting from a train, by stepping upon a small piece of wood, two thirds of an inch in diameter and two inches in length, lying upon the station platform, there is no presumption of negligence on part of the railroad company.

Such a piece of wood is not an obstruction likely to cause injury, and failure to remove it promptly cannot be pronounced a neglect of duty.

Where the fact of no negligence is clearly fixed by the proofs, a mere presumption cannot destroy it.

Argued Nov. 10, 1893. Appeal, No. 297, Oct. T., 1893, by plaintiff, Annie Bernhardt, from judgment of C. P. No. 3, Allegheny Co., May T., 1892, No. 482, granting nonsuit. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries. Before PORTER, J.

At the trial it appeared that on Oct. 5, 1891, plaintiff, a widow, about fifty-one years of age, was a passenger on defendant's train, and while alighting from the train at the station in Allegheny city she stepped upon the wooden bung of a beer barrel, and sprained her ankle. The evidence showed that the platform where the bung was lying was in proper repair. The court entered a compulsory nonsuit, and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*Samuel McClay* and *M. A. Woodward*, for appellant.—When the standard of care shifts, not according to any certain rule, but with the facts and circumstances developed at the trial, it cannot be determined by the court, but must be submitted to the jury: McNeal v. R. R., 131 Pa. 184; R. R. v. Coon, 111 Pa. 440; Crissey v. Ry., 75 Pa. 86.

It was the undoubted duty of the company not only to carry plaintiff safely, but to set her down safely at the place of her destination, if, in the exercise of the utmost care, it could be done: Leggett v. R. R., 143 Pa. 49; R. R. v. Aspell, 23 Pa. 149; R. R. v. White, 88 Pa. 327.

It was the company's duty to keep the station platform in repair and clear of all obstructions likely to do injury to passengers: Mersey Docks Trustee v. Gibbs, L. R. 1 H. L. 93.

The relation of carrier and passenger existed between plaintiff and defendant at the time of the accident, and the carrier continued under its contract obligation to plaintiff: R. R. v. Pillow, 76 Pa. 513; R. R. v. MacKinney, 124 Pa. 462; Laing v. Colder, 8 Pa. 479; R. R. v. Anderson, 94 Pa. 351; American Steamship Co. v. Landreth, 102 Pa. 133; Sullivan v. R. R., 30 Pa. 238; Knight v. R. R., 56 Me. 234; Wood's Railway Law, § 310, p. 1163; McDonald v. R. R., 26 Iowa, 124; Hartzig v. R. R., 154 Pa. 364; Dickson v. Hollister, 123 Pa. 421.

The company was bound to know that a bung, such as this was described to be, would be more than likely to injure a passenger in case he or she accidentally stepped on it: Patterson's Ry. Law, 438; Scott v. Dock Co., 3 H. & C. 596; R. R. v. Napheys, 90 Pa. 135.

Plaintiff proved sufficient facts from which a jury could properly infer negligence on part of defendant, and certainly enough to cast the onus on defendant: Kearney v. R. R., L. R. 6 Q. B. 759; Holbrook v. R. R., 12 N. Y. 236; Curtis v. R. R., 18 N. Y. 534; Brehm v. R. R., 34 Barb. 256; Allen v. Willard, 57 Pa. 375; R. R. v. Hall, 61 Pa. 361; R. R. v. Rosenweig, 113 Pa. 519; Penn. Co. v. Roy, 102 U. S. 451.

*George B. Gordon, William Scott* with him, for appellee.—An accident to a passenger while about the premises of the car-

rier raises no presumption of negligence; nor does an accident
befalling a passenger while on board a train and in the course
of his journey, unless it is connected in some way with the
means of transportation; and where the injury is chargeable to
the manner of construction of a car the rule does not apply if
the accident is to the passenger and not to the car: Herstine
v. R. R., 151 Pa. 253; Fearn v. Ferry Co., 143 Pa. 122; R. R.
v. MacKinney, 124 Pa. 462; Hayman v. R. R., 118 Pa. 508.

The degree of care imposed upon a railroad company with
reference to its station, platforms and approaches thereto is very
different from the degree of care required in the appliances
which relate to the actual carriage itself: Thompson on Car-
riers, 104; Moreland v. Ry., 141 Mass. 31; Pa. Co. v. Marion,
27 A. & E. Ry. Cas. (Ind.) 132; Ry. v. Fairbairn, 30 A. & E.
Ry. Cas. (Ark.) 166; Note to 26 A. & E. Ry. Cas. 233.

OPINION BY MR. JUSTICE THOMPSON, December 30, 1893:

The appellant, resting the stress of her argument upon a pre-
sumption of negligence, seeks to convict the learned trial judge
of error for entering a compulsory nonsuit. Without doubt
when an injury is the result of defective or unsafe machinery,
or the appliances of transportation, or an improper conduct of
the business, a presumption of negligence arises, because, when
the accident is connected with them, the presumption of negli-
gence places upon them the stamp of defect, insecurity or mis-
conduct, and, when so connected, from the nature of the carrier's
business, necessarily carrying with it an almost exclusive knowl-
edge of the cause of it, the presumption casts upon it the duty
of removing such impress. In the present case, as the cause
of the accident was disconnected with the appliances or means
of transportation, or the misconduct of employees, this pre-
sumption necessarily has no foundation. The appellant in her
statement avers that the appellee was possessed in the city of
Allegheny of a station house in which passengers carried by it
alighted, " that it was the duty of the said railroad company
at all times to keep the floors or walks of said station free from
all obstructions likely to result in injury, so that all persons
having occasion to go or return from trains, or get on or alight
therefrom might do so with safety." She then avers that in
alighting from a train she stepped upon a stick or bung of a

keg, and in consequence of which her ankle was sprained and seriously injured.    This averment was not that the platform was improperly or negligently constructed, but that the appellee was guilty of negligence in permitting to remain an obstruction which was likely to cause injury.    Assuredly it cannot be maintained that a small piece of wood, a bung of a barrel, probably accidentally dropped upon the floor of the station, was such an obstruction as would be likely to produce injury.    It was neither an obstruction, nor was it likely to cause injury, and to predicate negligence from a failure to remove it because it might possibly have remained where it fell the few minutes required for five or six passengers to alight from the train, would be to exact a degree of care from the appellee much beyond any recognized standard.    She says that in alighting she stepped upon something and did not know what it was, that her foot gave a twist and she was injured.    That the piece of wood was as long as her finger, something like a broom handle.    Her other and remaining witness said that after she stepped down he saw a wooden stopper about two and a half inches or two inches in circumference, and between an inch and one half and two inches in length.    It is clear that a piece of wood two thirds of an inch in diameter and two inches in length cannot be regarded as " an obstruction likely to cause injury," and, if so, a failure to remove it promptly cannot be pronounced a neglect of duty.    Under such circumstances, with the platform perfectly constructed, care of it almost microscopic in character is not demanded or required.

But it is contended that the injury occurred and therefore the presumption of negligence as a consequence must prevail until rebutted.    In other words, that although the proofs clearly establish the fact that there was no negligence, such fact is to be negatived by a presumption.    A presumption of death might possibly arise from prolonged, unexplained and unaccounted absence beyond the seas, and to say that a person to whom such presumption has applied continues under the operation of it to be regarded among the departed, even after his return, would seem somewhat grotesque.    The fact of no negligence is in this case fixed by the proofs, and a mere presumption cannot destroy it.    A presumption at best is but a prima facie method of proof and may be rebutted.

In Fearne v. West Jersey Co., 143 Pa. 122, it is said by Mr. Justice McCollum: " The cause of the accident was known as well to the appellant as to the company. . In such a case the presumption of negligence arising from the mere fact that a passenger was injured while on the appellant's boat has no application.    As the appellant failed to show any omission or violation of duty by the company in connection with the cause of the accident, we think the nonsuit was properly ordered."

In Penna. R. R. Co. v. MacKinney, 124 Pa. 462, Mr. Justice STERRETT said : " When a passenger is injured by any accident connected with the means or appliances of transportation, there naturally arises a presumption that it must have resulted from some negligent act of omission or commission of the company or some of its employees, because without some such negligence it is very improbable that the accident would have occurred. That is the basis on which the presumption rests, and it stands as proof of negligence until it is successfully rebutted.    It arises not from the naked fact that an injury has been inflicted, but from the cause of the injury, or from other circumstances attending it."

In Hayman v. Penn. R. R. Co., 118 Pa. 508, Mr. Justice WILLIAMS said : " There was no reason therefore for resorting to the legal presumption of negligence in aid of the plaintiff's case. The cause of the accident and the location and construction of the door were as clearly known to the plaintiff as to the defendant and its employees, and it was the duty of the plaintiff to make out his cause of action in this case, as he would be bound to do if the swinging door had been in a hotel or store.    Not having done this, the court was clearly right in ordering the nonsuit."

As there is no evidence in this case which establishes negligence or from which it might be inferred, the learned trial judge very properly entered the nonsuit and this judgment is
Affirmed.