## Green, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Stations—Obstruction on floor of station—Passenger.*

In an action by a woman, who had been a passenger, against a railroad company to recover damages for personal injuries from a fall over a large cuspidor on the floor of the railroad station, judgment is properly entered for the defendant where it appears that the cuspidor in question was standing in a passageway eight or ten feet wide, about three feet from a row of seats, that there was nothing to show by whom it had been placed there, or how long it had been there, nor any facts shown by which knowledge of its position could be imputed to an employee of the defendant. In such a case the plaintiff after leaving the train had ceased to be a passenger, and the burden of proof was upon her to show affirmatively the negligence of the defendant.

To hold that the mere proof of an injury caused by the misplacement of a loose piece of furniture in the waiting room of a station gives rise to a presumption of negligence that shifts the burden of proof, would be an unwarrantable extension of the rule applicable only to a passenger seated in a railroad car who is injured through the means of transportation.

Argued Jan. 12, 1906. Appeals, Nos. 182 and 183, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 4,066, for defendant non obstante veredicto in case of John S. Green and Buelah May Green, his wife, v. The Baltimore & Ohio Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before VON MOSCHZISKER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for John S. Green for $2,500 and for Beulah May Green for $5,000, subject to question of law reserved.

The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*J. C. Stillwell,* with him *Charles Steen,* for appellants.—The plaintiffs were entitled to the benefit of all inferences which could be fairly drawn from the evidence: Hill v. Trust Co., 108 Pa. 1; Lerch v. Bard, 153 Pa. 573; McKee v. Bidwell, 74 Pa. 218; Cohen v. R. R. Co., 211 Pa. 227; Trexler v. R. R. Co., 28 Pa. Superior Ct. 198.

Where a railroad company says to its passengers, "go this way," it amounts to saying, "this is the way that I have especially prepared so as to insure your safety. If you go any other way, you do so at your peril." And where the company knows that passengers are frequently incumbered with packages, some carrying children in their arms, etc., which obstruct their vision, at a time of night when people are tired and consequently their sense of sight not keen, it is the duty of the company to so supervise the passageway as to keep it free from obstructions of all sorts: Reid v. Linck, 206 Pa. 109; McKee v. Bidwell, 74 Pa. 218.

The company having provided a movable cuspidor was charged with the duty of seeing that it was kept in a safe place: Lycett v. Ry. Co., 42 N. Y. Supp. 431; Waller v. Ry. Co., 59 Mo. Appeal Rep. 410; Cross v. Ry. Co., 69 Mich. 363 (37 N. W. Repr. 361).

The defendant owed a special duty to passengers whose vision was obstructed, to fasten the cuspidor in a safe place. The fact that it was movable is evidence of negligence, under the circumstances here present: Polenske v. Lit Brothers, 18 Pa. 474; Nicholson v. Philadelphia, 194 Pa. 460.

When a thing is shown to be in a certain place at a certain time, the jury has a right to presume that it has been there for a period prior to that time, unless evidence be presented to the contrary: Russell v. Westmoreland County, 26 Pa. Superior Ct. 425; Lohr v. Phillipsburg Borough, 35 W. N. C. 548.

An inference of negligence exists in this case; Gilmore v.

Phila. & Reading R. R. Co., 154 Pa. 375 ; Rathgebe v. R. R.
Co., 179 Pa. 31 ; Farr v. Ry. Co., 24 Pa. Superior Ct. 332 ;
Ahern v. Melvin, 21 Pa. Superior Ct. 462.

*G. H. Stein* and *W. B. Linn*, for appellee, were not heard.

OPINION BY MR. JUSTICE FELL, March 5, 1906 :

Buelah M. Green, one of the plaintiffs, was injured by fall-
ing in the defendant's station.   She and her husband had been
passengers on the defendant's train and arrived in Philadelphia
at midnight.   They walked from the train-shed to the waiting
room of the station and then proceeded along the central pas-
sageway in the direction indicated by a sign board towards
steps which led to the street.   The station was large and well
lighted.   The passageway was thirty-five feet in length and
eight or ten feet in width, and on either side of it there was
a row of seats facing inward.   It does not appear that there
were any passengers ahead of the plaintiffs, and they had a
clear view of the passageway and of the steps.   After walking
ten or twelve feet in the station Mrs. Green, who was carrying
a child in her arms, fell over a large cuspidor which she had
not seen.   She testified that she was walking three feet away
from the row of seats, and struck something and fell over it.
Her husband testified that after he had helped her up, he saw
the cuspidor.   A station master was standing some distance
from them and two porters were in the room, one engaged in
cleaning the steps with a brush and the other looking out of
the door.

At the trial the defendant offered no evidence and asked
for binding instructions in its favor, which were refused.   The
questions of the defendant's negligence and of the plaintiff's
contributory negligence were submitted to the jury, whose find-
ing was against the defendant.   The court reserved the ques-
tion whether there was any evidence in the case that entitled the
plaintiffs to recover, and entered judgment for the defendant
non obstante veredicto, for the reason that the undisputed facts
established did not warrant the inference that the defendant's
employees either placed the cuspidor in the passageway or knew,
or by proper inspection might have known, that it was there.
The reason is thus more fully stated in the opinion filed by the

learned trial judge : "Neither of the plaintiffs, nor any of their witnesses saw the cuspidor in the aisle until after the accident; so how can we justifiably draw the inference that the company's employees must have, should have, or could have, seen it in time to have prevented the accident? For the jury to say that the defendant should have known that the cuspidor was in the place where it was found after the accident, without any other facts to justify this other than the fact that it was so found, would be to allow a mere arbitrary finding without facts on which to base it, unless we are prepared to rule as a matter of law that it is the duty of the railroad company to so police its station that it will always and at all times and under all circumstances see that its aisles are properly clear of all obstructions that might possibly cause accidents, and this would be practically to hold railroad companies to be insurers of the safety of passengers, which under the authorities we cannot do."

At the time of her injury Mrs. Green was not a passenger. She had left the train, passed from the train-shed to the passenger station and had selected one of several passageways leading to the street. The relation of passenger and carrier had ended, and the burden of affirmative proof of negligence was upon her: Railroad Co. v. Napheys, 90 Pa. 135 ; Hayman v. Railroad Co., 118 Pa. 508 ; Bernhardt v. Railroad Co., 159 Pa. 360. The only proof was that a cuspidor, similar to those in general use in public places, was standing in a passageway three feet from a row of seats. By whom it had been placed there or how long it had been there were not shown, nor was any fact shown by which knowledge of its position could be imputed to an employee of the defendant. The plaintiff's case rested solely upon constructive notice. But the full measure of the defendant's duty was reasonable care by inspection and policing to keep its station in a safe condition. To hold that the mere proof of an injury caused by the misplacement of a loose piece of furniture in the waiting room of a station gives rise to a presumption of negligence that shifts the burden of proof would be an unwarrantable extension of the rule applicable only to a passenger seated in a railroad car who is injured through the means of transportation.

The judgment is affirmed.