Palmer et ux. *v.* Phila. R. T. Co., Appellant.

Argued October 21, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Chester N. Farr* and with him *John A. M. McCarthy*, for appellant.

*Russell Conwell Cooney,* and with him *James A. Lynd,* for appellee.

Opinion by Baldrige, J., January 30, 1931:

On May 23, 1929, about 5:15 P. M., the plaintiff, Beatrice M. Palmer, got off a trolley car of the defendant company when it reached the terminus at the intersection of Broad Street and Olney Avenue, in the City of Philadelphia, intending to board another

car. While walking through an underground passageway constructed by the defendant for use of passengers in changing cars, she stepped into a depression in the cement footwalk and sustained injuries for which this action was brought. The case was tried by Judge BLUETT of the municipal court and judgments were entered in favor of the plaintiffs.

The appellant's main contention is, that no notice, either direct or constructive, of the depression was proven and, therefore, there was no evidence to support the plaintiffs' essential averments that the defendant "permitted the said underpath to become dangerous......that the said defendant knew, or should have known, of the improper, dangerous and unsafe conditions," etc.

It is true that there was no testimony of any direct notice of the conditions existing at the point of the accident prior to the time the injured plaintiff fell. But we are not in accord with the argument that "permitted the underpath to *become* dangerous" indicated a recent change which made it incumbent upon the plaintiff to bring home that fact to the defendant. To our mind, this statement is in effect an averment that the passageway *was dangerous,* but not due to some recent alteration or disturbance. The testimony shows that it was a permanent construction, 62 feet long and 10 feet wide, and used by thousands of people. About 14 inches from the wall there was an iron-covered intake to accommodate drainage water. Its outside dimensions were 12¾ inches, with a 10-inch bowl-like center which was 2 inches below the pavement at its deepest point, and it was into that depression Mrs. Palmer stepped. This alleged dangerous intake was, apparently, an inherent and a permanent part of the cement construction of the passageway which belonged to, and was under the direct control of, the defendant. The very character of the intake in the specially con-

structed, underground passageway would justify the theory that the defendant had knowledge of the conditions as they existed.

If the injury had been sustained by falling over a movable obstacle, then there would have been much force to the appellant's contention: Green v. B. & O. R. R., 214 Pa. 240. But we are dealing with facts which bring this case under the ruling in Bloomer v. Snellenburg, 221 Pa. 25. The plaintiff there while walking along one of the principal aisles in the defendant's store stumbled upon an obstruction caused by an incline which passed from a floor at a higher level to a point flush with the passageway in which she was travelling. There, as here, there was a permanent construction of a dangerous character to invitees. The court held that the plaintiff was entitled to recover. It, apparently, was not contended in that case that direct notice was required, and, in our view, it was not essential to be proven here; constructive notice could be implied.

A careful review of all the testimony convinces us that sufficient facts were adduced to warrant the finding in favor of the plaintiffs.

Assignments of error are overruled. Judgments affirmed.