Deegan *v.* Pennsylvania R. R. Co., Appellant.

Argued March 21, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*F. J. Hartman,* for appellant.—There was error on part of the trial judge in admitting and rejecting testimony.

*Philip N. Shettig,* with him *Arthur A. Nelson,* for appellee.—The question of defendant's negligence was properly for the jury.

There was no contributory negligence on part of plaintiff.

There was no error on part of the trial judge in admitting and rejecting testimony.

It has been held that the admission of evidence cannot be assigned for error if it was competent for any purpose, unless the party objecting first required its purposes to be stated: Cullum v. Wagstaff, 48 Pa. 300; Com. v. Bell, 288 Pa. 29; Phila. Housewrecking Co. v. Nolen, 252 Pa. 443; Lovett v. Mathews, 24 Pa. 330; Messmore v. Morrison, 172 Pa. 300; O'Toole v. Printing Co., 179 Pa. 271; Danley v. Danley, 179 Pa. 170; Brown v. Clay Co., 259 Pa. 267.

The objection was not well taken, even if it had been stated as being to the competency of evidence for any reason in addition to the one specified.

The evidence of Robinson was clearly competent: Shock v. Gas Light Co., 222 Pa. 271; Markman v. Bell Stores, 285 Pa. 378.

OPINION BY MR. JUSTICE LINN, April 18, 1932:

Defendant appeals from judgment on a verdict for personal injury. Plaintiff alighted from a train at Johnstown, and walked on the platform to the stairway leading down to the station floor at the street level for the purpose of leaving the station. 'He slipped on a banana skin as he took the first step from the platform to the stairway. The time was about 9 o'clock p. m. March 9, 1928. The platform and stairway are of modern construction. The breach of duty specifically averred, and therefore the issue tried, was that defendant failed (in the words of the statement of claim) "to exercise proper supervision and inspection over the said station and the various parts thereof, and [permitted] the aforesaid banana skin to lie and remain in a place where plaintiff and other passengers must pass for such a length of time that said employees could not have failed to know of its presence."

We need not discuss the evidence generally; it is sufficient to say that on this record defendant's negligence and plaintiff's contributory negligence were for the jury. But we all agree that appellant's first assignment of error must be sustained.

A witness, Robinson, against objection and exception, testified that over a year before the accident, in February, 1927, he "kicked an apple-core off the platform"; and that in "1928, in February," he "saw orange skins downstairs where the fellow was sweeping." Timely objection was made to the proposed evidence as "incompetent, irrelevant, and immaterial, *and* for the reason that the question would not indicate, and the answer could not establish, that the skins or peels referred to in the question had anything to do with the accident in question." To that objection, plaintiff's counsel replied that

it was "not offered for that purpose." The learned trial judge received the evidence "in view of the allegation in paragraph 7" of the statement, generally averring that the "platform, steps and waiting room......were, on said 9th of March, 1928, and for a long time prior thereto had been, in a highly dangerous and unsafe condition. Defendant's said employees failed in the duty of inspection and care of said premises, that the floors were permitted to become littered with refuse thrown thereon by persons using the same, and there suffered to lie in the portions of said platform, steps and waiting room necessarily traversed by passengers going to and from defendant's said trains."

We must consider the assignment of error in the light of the record when the evidence was offered. When Robinson was called, the court and jury had already heard the evidence of plaintiff, who described precisely how the accident happened, the manner in which he slipped, etc., and the condition of the banana skin. The evidence of other witnesses had also been received, two of them testifying that on the same evening, about an hour and a half before the accident, they had been on the same platform and had seen a banana skin lying on the approach to, and near the top of, the stairway quite near the point where plaintiff stepped on such a skin. They described the banana skin and other surrounding circumstances. That evidence was sufficient to prove the averment specifically made in the statement of claim that defendant, on that evening, had neglected its duty to take proper care of the platform in the respect alleged, and had suffered it to remain in that condition long enough to charge defendant with constructive notice of the condition. The burden of proof was on plaintiff; the presence of the banana skin on the platform, without actual or constructive knowledge of that fact, would not impose liability (Green v. R. R. Co., 214 Pa. 240) ; but, under the evidence of the plaintiff and of the two witnesses referred to, constructive notice was for the jury:

Greenfield v. R. R. Co., 305 Pa. 456. A prima facie case was therefore made out.

With that state of the proofs, we come to the contentions of the parties with respect to Robinson's evidence. Plaintiff's counsel says his question was designed "to show an habitual condition of the station platform." Even if we assume, without deciding, that careless maintenance of the station at some earlier time, as averred in the 7th paragraph, could be relevant, and not too remote, we are of opinion that, after a prima facie case had been made out on the specific issue referred to, the single instance of February, 1927, could not be received as sufficient proof of careless maintenance generally, and that was all that was offered (Rosensteil v. Pittsburgh Rys. Co., 230 Pa. 273, 279); the sweeping of the floor in February, 1928, is evidence of the exercise of care, not lack of it.

Plaintiff contends that the objection was general, and that, if a general objection is overruled, the ruling will be sustained if the evidence is proper for any purpose: Philadelphia House Wrecking Company v. Nolen, 252 Pa. 443, 446. But that principle does not apply here. The objection was two-fold; first, it was specific,—that the evidence was "incompetent," that is, insufficient to show habitual carelessness; and, second, that it "did not establish that the skins or peels......had anything to do with the accident in question." We pass the second reason because plaintiff's counsel stated that the evidence was "not offered for that purpose," and consider the objection of insufficiency in relation to paragraph 7 quoted above. The specific objection, that the evidence was incompetent, was directed to a point of substantive law, i. e. that the isolated instance was insufficient to prove habitual carelessness; on that ground the objection should have been sustained (see discussion in Rosensteil v. Pittsburgh Rys. Co., supra). The record does not, therefore, present a case where the evidence was admissible for some purpose, but one where it was not

admissible for any purpose. Having offered sufficient evidence of the direct issue of the breach of duty on the night in question to make out a prima facie case, it was unnecessary, and would be merely confusing to the jury (cf. Aiken v. R. R. Co., 130 Pa. 380, 395; McCaffrey v. Schwartz, 285 Pa. 561, 572), also to try the collateral issue intended to be suggested by the question and answer.

We cannot say that the error was harmless; the evidence must have been considered important by plaintiff or it would not have been offered; as it had no place in the case and may have affected the result materially, we must sustain the assignment.

The judgment is reversed and a new trial is awarded.