# White *v.* Roydhouse, Appellant.

*Negligence—Master and servant—Proximate cause—Mixing mortar in street.*

In an action against an employer to recover damages for personal injuries sustained by the alleged negligence of a workman, it appeared that the defendant, a contractor, had obtained from a city permission to construct and operate a mortar bed on the side of a street. One of the defendant's workmen in mixing the mortar came across a lump of unslacked lime which it was necessary to crush. He raised a hoe which he was using, and struck the lump with sufficient force to crush it; in so doing a small particle of lime flew fifteen feet and seriously injured the plaintiff's eye. Plaintiff's position at the time of the accident was not one of apparent danger. *Held* (1), that there was nothing to show negligence on the part of defendant's workman; (2) that there was no negligence in placing the mortar bed where it stood, inasmuch as the defendant had the permission of the city, and the city had the power to grant the privilege.

Argued Jan. 5, 1905. Appeal, No. 161, Jan. T., 1904, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1903, No. 3113, on verdict for plaintiff in case of William H. White v. Harry C. Roydhouse and William E. Arey, trading as Roydhouse, Arey & Co. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendants.

Verdict and judgment for plaintiff for $1,633. Defendants appealed.

*Error assigned* amongst others, was in refusing binding instructions for defendants.

*H. Gordon McCouch*, with him *Charles S. Wesley* and *Dickson, McCouch & Glasgow*, for appellant.—The facts as disclosed by the evidence do not warrant the inference of any negligence on the part of the defendants' employee, Ruley: Parrot v. Wells, Fargo & Co., 82 U. S. 524; Howard Express Co. v. Wile, 64 Pa. 201; Huey v. Gahlenbeck, 121 Pa. 238; Stearns v. Ontario Spinning Co., 184 Pa. 519; Frazier Bros. v. Lloyd, 23 W. N. C. 178; Wall v. Lit, 195 Pa. 375.

The plaintiff was guilty of contributory negligence in standing on the pavement so near to where Ruley was mixing mortar: Pittsburg, etc., R. R. Co. v. McClung, 56 Pa. 294; Lynch v. Erie, 151 Pa. 380.

The plaintiff was a trespasser and cannot recover even though the defendants' servant, Ruley, was guilty of negligence in mixing the mortar and the plaintiff free of contributory negligence: Piollet v. Simmers, 106 Pa. 95; Moore v. Penna. R. R. Co., 99 Pa. 301; Gillespie v. McGowan, 100 Pa. 144; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; McMullen v. Penna. R. R. Co., 132 Pa. 107; Rodgers v. Lees, 140 Pa. 475; Fisher v. Paxson, 182 Pa. 457; Loughrey v. Penna. R. R. Co., 201 Pa. 297.

*Phillip N. Goldsmith*, with him *Charles L. Brown*, for appellees.—The question of the negligence of the defendants' employee, Ruley, was properly left to the jury: Elkins v. McKean, 79 Pa. 493; Harrisburg v. Saylor, 87 Pa. 216; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122.

The question of plaintiff's contributory negligence was properly left to the jury: Penna. Canal Co. v. Bently, 66 Pa. 30; Bradwell v. Pittsburg, etc., Ry. Co., 139 Pa. 404; Baker v. Westmoreland, etc., Nat. Gas Co., 157 Pa. 593.

OPINION BY MR. JUSTICE DEAN, March 6, 1905 :

In March, 1903, the plaintiff, White, was employed as a bolt-maker in the shop of the Baldwin Locomotive Works in Phila-delphia.    The defendants, Roydhouse, Arey & Co., were in-dependent contractors and builders who had contracted with the Baldwin Company to make certain repairs and additions to the locomotive factory.    For their purpose in making repairs and additions the contractors had obtained from the city per-mission to place building material and to construct a mortar bed on the side of the street and highway ; impliedly this gave them permission to prepare and mix mortar at that place to be used in their building operation.    While the repairs to the building were going on the work in the locomotive shops was not interrupted.    The plaintiff, with other mechanics, continued at his work.    A barrel of water stood outside the exit or door from the boiler shop in which the plaintiff worked. This water barrel had been put there by defendants and was in use by them in making repairs to the building.    The tes-timony of the witnesses is so contradictory that it is impossible to say with any certainty how far from the door of the boiler shop the barrel stood or how far from the mortar bed; it was probably from two to four feet from the door and the mortar bed was from six to ten feet from the barrel.    On the day of the accident White came out of the shop, hold-ing in tongs a red-hot iron bolt, went to the barrel and plunged it into the water to cool it.    Ruley, in the employ of defendants, was then with a hoe mixing mortar in the mortar bed.    Just as White was stooping to plunge the bolt in the water barrel Ruley struck a lump of lime in the mortar bed with his hoe ; a fragment of it flew over and struck White in the face, a par-ticle entered his eye causing him very serious if not perma-nent injury.    He brought suit against Ruley's employers for damages occasioned by the alleged negligence of their servant. The court left the evidence of negligence to the jury, who found for plaintiff.

Defendants bring this appeal, averring in their first assign-ment of error that there was no evidence of negligence which should have been submitted to the jury.    Was there ?    On this question our judgment turns.    The court's definition of negli-gence, " absence of care according to the circumstances," was

correct enough, but leaving it to the jury to find the circumstances from which the inference of negligence could be drawn, when there were no such circumstances in the evidence, we are of the opinion was error: Stearns v. Ontario Spinning Co., 184 Pa. 519, and many other cases preceding it.

We have carefully examined the evidence and can find nothing on which to base such an inference.  White himself, testifying under the strong bias of his interest, says : "I had n't the bolt in the barrel more than five or six seconds and I was looking towards the street and I saw this colored gentleman come down with the hoe on the lump of lime this way (indicating). He brought the hoe over his shoulder this way and brought it down on the lime.  At that moment I felt something strike me in the eye and it began to burn."  He further states that when Ruley stuck the lump of lime with the hoe he was about fifteen feet distant.  Put aside all the testimony of defendants, that Ruley did not raise the hoe over his shoulder at all, and adopt that of the plaintiff as the truth, what does it amount to ?  That Ruley mixing mortar fifteen feet from him came across a lump of unslacked lime which before it would mix with the water and sand had to be crushed ; with a light tool such as a hoe he had to raise it over his shoulder and strike with sufficient force to crush the lump ; in so doing a small particle of lime flew fifteen feet and seriously injured plaintiff's eye.  Where was the negligence?  The result was not a probable consequence of Ruley's act in mixing the mortar with the hoe ; the most that could he said of it is, that the consequence was very remotely possible, so remotely, that it is one which in the ordinary affairs of life the most careful men do not anticipate and make provision against.  If Ruley in the course of his work had been about to explode a charge of gunpowder, he would have been bound in the exercise of care to warn all within reach that he was about to apply the match ; but to give warning that he was about to strike a small lump of lime in a bed of mortar with a hoe, would have been considered by every prudent man as not care according to the circumstances, but foolishness. Taking the circumstances in their strongest light against defendants we can discover no negligence which warranted the verdict.  Two of plaintiff's witnesses testify that after the accident Ruley displayed indifference ; he did not run to White

and assist the latter's fellow-workmen in relieving him from pain. Perhaps Ruley did not act with the sympathetic feeling most men would have shown, and perhaps this had much to do with the large verdict against his employers; but it must be borne in mind that they are not answerable for the absence of kindness in their employees, but only for want of care in mixing mortar. In the ordinary conduct of the affairs of life, there is no duty on anyone to anticipate and provide against the remotely possible; there are hundreds of what are purely accidents occurring every day in which some one is injured in consequence, yet no one is legally answerable for them because such consequence is not natural or probable.

The appellant argues, there was contributory negligence on the part of plaintiff in going to the water barrel of defendant and so close to the mortar bed to cool his bolt; there was no negligence in doing this because to all human appearances there was no danger in so doing.

The argument of appellee, that it was negligence to place the mortar bed in this place is without weight. The city, as it had the lawful authority to do, gave defendant permission to place it there temporarily for building purposes: Piollet v. Simmers, 106 Pa. 95. That permission was in full force when the accident occurred. No one doubts the authority of the city to exercise to a reasonable extent its power to authorize an obstruction for such a purpose.

We sustain, however, appellant's first assignment of error, viz: there was no evidence of negligence on part of defendants.

The judgment is reversed and judgment entered for defendant.