## Bruggeman et al. *v.* City of York, Appellant.

*Negligence—Municipalities—Accumulation of filth on street and
sidewalk—Woman sweeping off sidewalk—Pushing of wire in mud
with broom—Splashing of mud—Injury to eye—Proximate cause—
Court and jury—Judgment for defendant n. o. v.*

1. A proximate cause is one which, in actual sequence, undis-
turbed by any independent cause, produces the result complained
of. A prior and remote cause cannot be made the basis of an ac-
tion if such remote cause did nothing more than furnish the con-
dition or give rise to the occasion by which the injury was made
possible if there intervened between such prior or remote cause
and the injury a distinct, successive, unrelated and efficient cause
of the injury.

2. The injury must be the natural and probable consequence of
the negligence; such a consequence as under the circumstances
might and ought to be foreseen by the wrongdoer as likely to flow
from his acts.

3. The facts being undisputed the question of proximate cause
is for the court.

4. In an action against a municipality to recover damages for
personal injuries it appeared that the defendant had raised the
grade of a lot causing water and mud to overflow plaintiff's side-
walk; that plaintiff, while sweeping off the sidewalk, in an effort
to remove a coil of wire which had become lodged in the pavement
or gutter pushed it with her broom so that it sprang back and sent
a splash of the street mud into her eye, causing the loss of the
sight thereof. *Held,* the pushing of the coiled wire and not the

presence of the mud was the proximate cause of the accident and judgment was entered for the defendant non obstante veredicto.

Argued May 15, 1917.   Appeal, No. 129, Jan. T., 1917, by defendant, from judgment of C. P. York Co., August Term, 1914, No. 125, on verdict for plaintiff in case of Mary Ellen Bruggeman and John B. Bruggeman v. City of York.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Reversed.

Trespass for personal injuries.   Before Ross, J.

The facts appear by the opinion of the Supreme Court.

Verdict for the plaintiff Mary Ellen Bruggeman for $2,500 and for the plaintiff John B. Bruggeman for $100.   Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*John L. Rouse,* City Solicitor, for appellant.—It is clear that the existence of the mud of itself could not have caused the injury, and that plaintiff's act in sweeping the mud in and by itself could not have caused it, and the muddy condition of the street was therefore not the proximate cause of the accident.   The proximate cause of an event is that which in a natural and continuous sequence unbroken by any new cause produces the event: Nirdlinger v. American District Telegraph Co., 245 Pa. 453; Herr v. City of Lebanon, 149 Pa. 222; March v. Giles, 211 Pa. 17; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellees.—The negligent accumulation of the mud was the proximate cause of plaintiff's injury: Glasgow v. Altoona, 27 Pa. Superior Ct. 55; Fischer v. Sanford, 12 Pa. Superior Ct. 435.

The wrongful act and its injurious effect was connected by an unbroken and continuous succession of

events: Gudfelder v. Pittsburgh, Cin., Chgo. & St. Louis Ry. Co., 207 Pa. 629; Thomas v. Central R. R. Co. of N. J., 194 Pa. 511; King v. Lehigh Val. R. R. Co., 245 Pa. 25; Penna. R. R. Co. v. Hope, 80 Pa. 373; Sturgis v. Kountz, 165 Pa. 358.

OPINION BY MR. JUSTICE WALLING, June 30, 1917:

This is an action for personal injuries resulting, as alleged, from an accumulation of filth in a public street. In 1912, defendant city built the Eagle Engine House on a lot located on the west side of Jessop Place, between Jackson street and Rose alley in said city, and in so doing raised the grade of the lot, and to make a convenient roadway thereto filled up the brick gutter on the north side of the property. The land descended to the west and raising the grade of the lot and stopping up the gutter caused the water in wet weather to overflow the street and make a large pool sometimes covering parts of the adjoining lots, especially plaintiffs' lot located on the northeast corner of Jessop Place and Rose alley. The gutter extended from the east down Rose alley across Jessop Place, and seemed to be in the nature of an open sewer; for when the stagnant water, caused by the filling of the lot and gutter as above stated, would evaporate, germ laden filth with foul odors would be there found. This would seem to have constituted a nuisance, which the defendant, although having notice, failed to abate until after the occurrence in question.

On October 21, 1912, the plaintiff, Mrs. Bruggeman, took a broom and went out to clean up some of the filth so deposited in the alley in front of her home, and, in an effort to remove a coil of wire which had become lodged in the pavement or gutter, she pushed it with the broom so that it sprang back and in so doing sent a splash of the street mud into her face and left eye, thereby causing, as the jury found, the loss of the sight thereof. There was nothing to indicate that defendant was in any man-

ner responsible for the presence of the wire in the street. The trial judge submitted the case to the jury, including the questions of negligence, proximate cause, etc. The jury found for the plaintiffs and the court overruled defendant's motion for judgment non obstante veredicto and entered judgment on the verdict; hence this appeal.

In our opinion defendant's motion for judgment should have been granted on the ground that the negligence complained of was not the proximate cause of plaintiff's injury. "A proximate cause, in the law of negligence, is such a cause as operates to produce particular consequences without the intervention of any independent unforeseen cause without which the injuries would not have occurred": 21 American and English Encyclopedia of Law (2 Ed.) 485. "A proximate cause is one which, in actual sequence, undisturbed by any independent cause, produces the result complained of": Behling v. Southwest Penna. Pipe Lines, 160 Pa. 359. "A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury": 29 Cyc. 496. Here the foul mud in the street was the condition and perhaps remote cause of the injury, but the coiled wire which threw the mud in plaintiff's face, as she pushed it with her broom, was the immediate, unrelated and intervening cause of the accident. The mud was passive, the active agent was the wire when set in motion by the broom, and aside from it the accident would not have happened. We see no difference in principle between mud being thrown by a wire and fire being carried by water, and in the latter case the water was the intervening cause: Hoag & Alger v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293; as was the fall from the ladder, and not the exposed live electric wire, in Elliott v. Allegheny County

Light Co., 204 Pa. 568; and as was the breaking of the traces and not the want of a guard rail, in Willis v. Armstrong County, 183 Pa. 184. Such intervening cause may be either animate or inanimate; and where two distinct causes are successive and unrelated in their operation, one of them must be the proximate and the other the remote cause: Herr v. City of Lebanon, 149 Pa. 222. The act of a child may be the proximate cause: Rhad v. Duquesne Light Co., 255 Pa. 409; Swanson v. Crandall, 2 Pa. Superior Ct. 85. The final result here cannot be said to be the natural and probable result of defendant's negligence. See King v. Lehigh Valley R. R. Co., 245 Pa. 25.

The rule is well settled "that the injury must be the natural and probable consequence of the negligence; such a consequence as under the surrounding circumstances of the case might and ought to be foreseen by the wrong doer as likely to flow from his acts": Swanson v. Crandall, supra. Such an injury as is here complained of could not be foreseen as a result of permitting mud and filth to remain in a roadway; nor could it be foreseen that any personal injury would result therefrom to a person upon the sidewalk. The immediate cause here was not set in motion by the original wrong doer, nor was it the result of an unbroken succession of events, or of concurring causes.

The facts being undisputed the question of proximate cause is for the court: Douglass v. N. Y. Central & Hudson River R. R. Co., 209 Pa. 128; South Side Pass. Ry. Co. v. Trich et ux., 117 Pa. 390. We do not deem it necessary to decide whether a municipality is liable for personal injuries resulting from the unsanitary condition of its streets.

The judgment of the court below is reversed and is here entered for the defendant.