Gaupin et al. *v.* Murphy et al., Appellants.

Argued October 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant, cited: Cubitt v. R. R., 278 Pa. 366; Robertson v. Ice Cream Co., 292 Pa. 462.

*Richard C. Long,* with him *Rody P. & Meredith R. Marshall,* for appellee, cited: Morris v. Electric Co., 278 Pa. 361; Frank v. Cohen, 288 Pa. 221; Mulhern v. Bread Co., 257 Pa. 22; Rankin v. Baking Co., 272 Pa. 108; Bloom v. Whelan, 56 Pa. Superior Ct. 277; Ditchfield v. Tharp, 75 Pa. Superior Ct. 563; Hoon v. Traction Co., 204 Pa. 369; Tate v. Traction Co., 244 Pa. 74.

OPINION BY MR. JUSTICE KEPHART, November 26, 1928:

When defendant's truck turned the corner of Third Avenue, about three hundred feet from the public school in Tarentum Borough, there were from fifty to sixty children on the sidewalk and in the cartway in front of the school building. They were playing ball and marbles, and three of them were jumping rope. Plaintiffs' daughter, aged seven, with one end of the rope twisted around her wrist, stood against the curb next to the schoolhouse; the girl having the other end stood in the roadway. As defendant's truck approached rapidly,

the little girl in the cartway dropped the rope and, with the other children in the street, ran off the highway. As the truck traveled within five feet of the curb, where plaintiffs' daughter was standing, the rope lying in the road became tightly fastened in the corrugations or anti-skid depressions of the front tire. The forward movement of the car jerked the child from the sidewalk and dragged her body into the path of the rear wheel; when the car stopped in a very short distance this wheel had crushed her. She died later. A verdict was recovered in the court below on which judgment was entered; hence this appeal.

We said, in Frank v. Cohen, 288 Pa. 221, 225-6, "Were there any circumstances appearing in the course of the driving to cause the operator, in the exercise of reasonable or ordinary care, to expect persons in his way or to anticipate their acts if not in the way? He was approaching a place where school children could be seen on the streets. He may not have known a school was located at this particular place; but the presence of children in large numbers in his immediate way, should have caused him to exercise the degree of care their presence required. Children are capricious, they act heedlessly without giving the slightest warning of their intentions. They dart here and there with the exuberance of youth. No law or court edict will stop them; we shall not attempt to do so, but rather warn those who may meet them to be on the lookout......Where a condition as indicated by the facts in this case presents itself, it becomes his duty, in passing through or by these groups, to bring his car under such control that it can be stopped on the shortest possible notice. It is when schools are being dismissed that the greatest danger is presented; it is as to that time and place we direct this opinion. Even then no responsibility may attach to the driver of a car, if, with the car under control, a child deliberately steps in front of it. It is a well known fact that a car cannot be stopped instantly, and traffic must

move." See also Mulhern v. Phila. Bread Co., 257 Pa. 22, 24.

To sustain an action of negligence there must not only be a duty violated, but an accident must be the normal result of the violation; that is, an injury must be reasonably anticipated. We will assume that the car was traveling at what was called a high rate of speed and did not sound an alarm. It is not disputed, however, that it stopped within possibly its own length. Moreover, a failure to sound the horn in this case was immaterial, as the children had cleared the street. Defendant did not strike the child while driving rapidly on a street occupied by school-children, nor was the child injured through circumstances attending the movement of the car of which the driver had notice, or which he might have reasonably expected.

It was not the duty of the driver to notice the small rope lying on the road, and his failure to stop or deflect his car because of it would not be negligence, any more than would failure to notice a marble or other small stone which might be catapulted from the side of the wheel with force sufficient to cause injury. Even if required to notice the rope, can it be said on any reasonable basis that he should have anticipated, first, that it would become fastened in the wheel, and, second, that running over the rope would cause an accident as its natural and probable consequence? Between the movement of the car and the child on the walk was an intervening agency,—the rope. To affix liability, the defendant's negligence (undue speed) must be the proximate cause of the injury. A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury: Bruggeman v. City of York, 259 Pa. 94, 97. The speed of the car was merely the con-

dition or the occasion which made the injury possible through the intervention of the rope, a distinct and unrelated circumstance in the sequence of the movement of the truck. The children were in a safe place, and the truck had a clear and unobstructed path. The driver's duty was to operate the truck with due regard for the safety of persons on the highway or likely to come thereon, considering the traffic through which it was moving, to avoid striking them directly and to avoid collision with objects thereon from which it might be reasonably expected an injury would follow to persons close by. Compare In re Polemis, Withy & Co., Ltd., [1921], 3 K. B. 560; Smith v. London & S. W. Ry. Co., L. R. 6 C. P. 21; Hill v. Winsor, 118 Mass. 251; Hoag v. Lake Shore R. R. Co., 85 Pa. 293; Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408, 414; Mellon v. Lehigh Valley R. R., 282 Pa. 39, 44; Kosson v. West Penn Power Co., 293 Pa. 131, 135. But there is not the slightest circumstance in connection with the rope lying on the road that would associate it with a human being on the sidewalk, or cause the driver to hesitate for fear that, in passing over it, an accident might be communicated to others. The operator's sphere of observation must be directed to people and objects that may reasonably come within the path of his car. Within the darting radius he must keep the machine under control, that it may be stopped if children appear in the way. But, as said in the Frank Case, even with care accidents cannot be avoided; they can only be minimized.

After the driver passed the child, he could not see what happened. He did not, nor had he any reason to, expect the intervening agency (the rope) to tighten, or the child to be lifted through it from the sidewalk; nor was there anything that occurred which could have imposed notice on him. When the little girl was drawn under the truck, the children about were shouting and playing as is customary with school children; there was no way to tell the scream of those who observed the acci-

dent from the cries of others at play. The accident cannot be compared to a "darting-out" case, and, unless we hold that, when children are on the sidewalk, the probable result of driving an automobile rapidly on the street will be an accident, and that the owner of the car will be responsible for that accident no matter what form it may take, as long as the auto is in some way connected with it, the judgment must be reversed. We have carefully studied this record, and we are compelled to sustain the appeal.

Judgment reversed and entered n. o. v. for defendant.