Franzen et al., Appellants, *v.* Goodman.

Argued January 6, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph B. Quinn,* for appellants.

*Todd Daniel,* for appellee.

OPINION BY MR. JUSTICE DREW, March 22, 1937:

In this case a compulsory nonsuit was entered by the trial court because there was not sufficient evidence to warrant submitting it to the jury. After viewing the evidence in the light most favorable to plaintiffs, we are convinced that the trial judge made no mistake.

The suit is by a father for himself and a minor son, twenty years of age, for damage and loss sustained as the result of alleged negligence on the part of defendant. The accident happened in this way. The minor plaintiff was assisting a friend to start his automobile. They had pushed the machine from the garage to the street, and not being able to start the engine, they stopped the defendant who was passing in his car and asked him to help them. He agreed, and drove the front bumper of his car against the rear bumper of the stalled car, and pushed it until the engine started. It then appeared that the bumpers had interlocked, and in an effort to free them the defendant drove his car alternately forward and backward. The minor plaintiff took a position close to the point where the cars were locked "to determine what could be done about separating the automobiles." He waved his hand to the defendant to stop, and shouted, "stop, you'll probably break the bumper." Just then, defendant backed his car again and "jerked it free" and the bumper on the other car broke from its mounting and struck the plaintiff on the knee, causing the injury complained of.

The facts fail to show defendant in any way negligent or to present a question for a jury to determine. Any reasonably prudent man in defendant's position would not, in our judgment, have foreseen, on the facts of this

case, any risk of injury to plaintiff. Fault is not presumed from the mere happening of an accident: *Wiser v. Parkway Baking Co.,* 289 Pa. 565.

The defendant had backed his car several times in the effort to disengage it and the bumper had not broken. It cannot be said he should have anticipated it would break on the final effort or that, having broken, would recoil and strike the plaintiff. He knew of no defect in it, nor anything about the stress it would stand. Indeed, as is generally known, bumpers are made to endure great strain.

The three men were jointly participating in an attempt to separate the cars, by the simple process of pushing and pulling in order to spring the bumpers apart; there is no complaint of want of care in this. Plaintiff was not between the cars or in any position where any reasonable person would have anticipated danger. It is evident that he had no such thought or he would not have exposed himself to the risk.

It is urged that since defendant was warned that he might break the bumper he must have had that risk in mind when he acted. *Morris v. Lipkin,* 317 Pa. 422, is cited. There the defendant was told not to use a hammer, which was chipped around the edge, because of its dangerous condition. The warning clearly referred to the risk to the user or persons standing near. Here the warning was only of the risk of injuring the bumpers, not the plaintiff. Thus this case is more like *White v. Roydhouse,* 211 Pa. 13, which the *Morris* case distinguishes on the ground that there no warning was given. There the defendant while mixing mortar struck a lump of lime with his hoe. A piece of the lime was projected into the plaintiff's eye. It was held defendant was not negligent.

Since each case of this sort depends so completely on its own facts, citation of others is not greatly helpful. Each of the following, however, is a case somewhat analogous to the one in hand, and in all it was held that

the injury complained of did not result from a foreseeable risk: *Bruggeman v. City of York*, 259 Pa. 94; *Burkes v. Lieberman*, 218 App. Div. (N. Y.) 600, aff'd 245 N. Y. 579; *Sylvester v. Shea*, 280 Mass. 508; *Gant v. Gant*, 197 N. C. 164.

Judgment affirmed.