## Leoni et al., Appellants, *v.* Reinhard.

Argued May 27, 1937. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Wm. S. Bailey,* with him *J. Paul Rupp,* of *Bailey & Rupp,* for appellants.

*Maurice Metzger,* of *Metzger & Wickersham,* with him *Ralph Behney,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 8, 1937:

The question presented by this appeal is whether the plaintiff has stated a good cause of action. The minor plaintiff was injured by the explosion of unslaked lime. The statement of claim avers that defendant's truck was carrying a load of such material on a state highway, near Swatara Station, in Dauphin County, during the afternoon of April 22, 1935. As the vehicle passed the

minor plaintiff, a child twelve years of age, who was walking along the highway, a piece of unslaked lime fell from the truck and was picked up by him. He placed it in a bucket of damp earth and fish worms he was carrying, and almost immediately it exploded, causing the loss of his right eye, and impairing the vision of the left one.

The plaintiff alleges that defendant was negligent in driving the truck overloaded with unslaked lime. upon the highway, and in permitting lime to fall thereon. In an affidavit of defense raising questions of law, the defendant averred that the statement set forth no cause of action, asserting that unslaked lime is not of itself a dangerous substance, and that the injuries complained of did not result directly and proximately from the alleged act of defendant. The court below sustained the affidavit of defense and dismissed the suit. This appeal is from the decree so entered.

In order to hold defendant liable for the injuries sustained by plaintiff it must be found that the defendant breached a duty of care owing to plaintiff, thereby producing the injuries for which the plaintiff seeks to recover damages. An act cannot be held harmful or negligent unless it can reasonably be foreseen that the doing of the act is attended with such probabilities of injury to another that a duty arises either to refrain from the act altogether, or to do it in such manner that harm does not result. It is well settled that conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented.

This principle is clearly stated in *Venzel v. Valley Camp Coal Company,* 304 Pa. 583, at page 590: "Liability for negligence depends on antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent person as the natural and probable outcome of the act complained of; the law does not require the parties to go beyond this

in their relations with each other: *Rugart v. Keebler-Weyl Baking Co.*, 277 Pa. 408; *Hoag & Alger v. Lake Shore and Michigan Southern R. R. Co.*, 85 Pa. 293; *Bruggeman et al. v. City of York*, 259 Pa. 94; *Kosson et al. v. West Penn Power Co.*, 293 Pa. 131." See Restatement of the Law of Torts, Sections 284, 289, 290 and 291. As we said in *Nirdlinger v. Am. Dist. Tel. Co.*, 245 Pa. 453, 460, "Where, however, the chain is so broken that the events and facts become independent of each other, then the result cannot be said to be the natural and probable consequence of the primary cause. . . . The law regards those consequences as remote, and therefore not actionable which are produced by the intervention of human agency, or the voluntary act of a person over whom the defendant has no control, and his act no influence." See *Marsh v. Giles, Shields & Co.*, 211 Pa. 17; *Fehrs v. McKeesport*, 318 Pa. 279. This is true because the consequences arising from the intervention of such independent and uncontrolled agencies are not within the range of prudent foresight.

We need not consider whether unslaked lime is a dangerous material, nor need we weigh its potentially harmful characteristics. We can take notice of the fact that it is widely used in the preparation of mortar and plaster and when so utilized is often stored in exposed places adjacent to building operations. It is also employed in agricultural areas as a fertilizer, and has many other general uses, which apparently are attended by no grave danger either to the persons immediately concerned or to the public at large: *White v. Roydhouse*, 211 Pa. 13; *Beetz v. City of Brooklyn*, 41 N. Y. S. 1009. However, the question of the inherent qualities of unslaked lime is not of materiality in this case, because it is clear that the injury to this minor plaintiff was directly attributable to a chain of independent and unforeseeable circumstances.

In our opinion even extraordinary prevision could not have foreseen the sequence of agencies that combined to

injure the plaintiff. Over these agencies the defendant had neither influence nor control. Hence by no exercise of vigilance on his part could he have anticipated or prevented their occurrence. The explosion did not happen from the fact alone that the minor plaintiff picked up a piece of unslaked lime which had fallen from defendant's truck. Nor did it occur because the plaintiff dropped that piece of lime into the bucket he was carrying at the time. It was the contact of the lime with the damp earth in the bucket, and the further fact that the earth possessed sufficient moisture to create hydration, (but insufficient liquid to absorb the resultant gases) that caused the explosion. There was nothing in the falling of a piece of lime from a truck onto the highway that made this outcome probable. It was necessary that a succession of new and independent factors intervene before the explosion could occur. Hence the injury to the plaintiff was not the proximate result of driving a truck loaded with lime upon the highway. The hazards that materialized into injury were so remote and unlikely that the defendant was under no duty to anticipate their existence. Accordingly negligence has not been shown by the pleadings.

A case similar to the present one upon its facts is found in *Beetz v. City of Brooklyn,* supra. Unslaked lime was placed in barrels on a street for the use of a builder. The barrels became broken, and some of the lime which had escaped from a barrel was placed by children into a can containing water, held by the plaintiff, a boy about seven years of age. Thereupon an explosion occurred which resulted in destroying the minor plaintiff's eyesight. In denying the right to recover, the court said, at page 1011: "Could the defendant in reasonable contemplation, have supposed that children would carry this lime from the street to this vacant lot and there attempt to make use of it in the manner described? We think to ask the question is to answer it. The lime was harmless as it lay upon the street. It was only made

dangerous by the active intervention of two other agencies,—the boy who carried it and its contact with water."

We conclude that the accident in this case was not due to the failure to exercise care on the part of the defendant. Hence it was proper for the court below to determine as a matter of law that the injuries suffered by plaintiff were not the natural consequence of transporting a truck load of unslaked lime upon a highway in such manner that a piece fell to the roadway. In *Rugart v. Keebler-Weyl Baking Company,* supra, we said (page 414) : " 'It is true that in other jurisdictions the question of proximate cause is most frequently left to the jury. In this Commonwealth, however, the question, within certain limits, is regarded as one of law (i. e., legal cause), and where, as in this case, the relevant facts are not in doubt, the courts have not hesitated to assume the responsibility of deciding it.' " See *Bruggeman v. City of York,* supra; *Hoke v. Edison Light and Power Co.,* 284 Pa. 112; Restatement of the Law of Torts, Sections 285 and 453. Therefore, the action of the court below in sustaining the affidavit of defense and dismissing the suit was proper.

Judgment affirmed.