Jones, Appellant, *v.* Carney.

Argued November 20, 1952; reargued April 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*John M. McNally, Jr.*, with him *Francis J. McCarthy*, for appellants.

*Robert C. Kitchen*, with him *Richard A. Smith*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, October 5, 1953:

The plaintiff appeals from the order of the court below refusing to take off a nonsuit in an action of trespass for personal injuries suffered by a three year old child when struck by defendant's automobile.

In accordance with the well known rule of law that the testimony must be viewed in a manner most favorable to plaintiffs, giving them the benefit of all rea-

sonable inferences that may be drawn therefrom, we think that the order of the court below must be reversed.

On a clear, dry day defendant was driving his car in a northerly direction on Day Street, between Wildey and Girard Streets in Philadelphia, at a speed of 30 miles per hour.[1] Day Street is 20 feet wide between the curbs and 403 feet in length, and is a residential locality. The street has a ten foot wide walk on each side. At the time of the occurrence there were cars parked on the east side, which was to the defendant's right, but the defendant had an unobstructed view of the west side of Day Street. The accident happened about midway between Wildey and Girard Streets.

The minor plaintiff, three years of age, had been playing on the west side of the street. The plaintiff's niece had been watching him from the window of their home on the east side and saw him in the street. She jumped up and knocked on the window, and then darted toward the door to get him out of the street. The next thing she knew she heard the scream of brakes. At the time she knocked on the window the child was "just about in the middle of the street."

A disinterested witness standing on the steps of her home on the east side of the street and to the north of the boy, first saw him "on the west side of the street apparently coming across to the east side. Then he decided to go back to the west side . . . [and defendant's] car struck him." She saw the boy standing in the street "a matter of seconds, three or four seconds at the most. It happened so fast." Defendant, called for cross-examination, testified that "out of the corner of my eye I saw this child dart in between the cars . . . as I was going by and he made contact with the

---

[1] The testimony of defendant, called by plaintiff, was between "20 and 30 miles an hour."

side of the car." From the testimony of Dorothy Hof-nick, the disinterested witness, the child first started from the west side of the street, apparently crossing to the east side. Then he decided to go back to the west side and was struck. Accepting, as we must, this statement to be true, the defendant should have seen the child passing from the west side toward the east side, before he darted out between the cars. The defendant offers no excuse for not seeing him while he was standing in the street for a matter of several seconds, nor does he offer any excuse for not seeing him when he left the west side of the street coming across to the east side.

The case is close, but it seems clear that the court erred in imposing the nonsuit and in refusing to take it off.

Order reversed.