## Finnin, Appellant, *v.* Neubert.

Argued March 24, 1954. Before Stern, C. J., Stearne, Jones, Bell, Musmanno and Arnold, JJ.

*Marquis M. Smith,* with him *Edgar P. Herrington, Jr.,* for appellants.

*Paul M. Robinson,* for appellee.

Opinion by Mr. Justice Bell, May 24, 1954:

This is an appeal from a compulsory nonsuit. In such an appeal plaintiffs must be given the benefit

of all the favorable testimony and every reasonable inference of fact arising therefrom; and all conflicts therein must be resolved in their favor: *Parker v. McCrory Stores Corp.,* 376 Pa. 122, 101 A. 2d 377; *Lewis v. Quinn,* 376 Pa. 109, 101 A. 2d 382.

All of the facts, including the place and the cause of the accident, are very meagre, but viewed in the light of the foregoing authorities may be thus stated:

Defendant was driving his automobile south on Constitution Boulevard in the City of New Kensington, Westmoreland County, on December 24, 1951 at about 11:30 o'clock A.M. Constitution Boulevard is a 25 foot wide street running (generally speaking) north and south and paralleling the railroad tracks which were very close to the street. A walk for pedestrians runs along the railroad tracks parallel with the Boulevard and is separated from the Boulevard for a considerable distance by a concrete wall and then by a continued iron pipe fence 3 feet high. The traffic light on Constitution Boulevard was green for defendant at its intersection with McCargo Street, which ran into but did not intersect the Boulevard, forming as it were a T. Unfortunately young Finnin, who was 11½ years old, could not remember or relate any details of the accident. He was badly injured and was lying on the west side of Constitution Boulevard approximately 8 to 10 feet east of the concrete wall and 3 to 5 feet from the intersection of the wall and the fence, with his head toward the wall or fence and his body virtually perpendicular to the wall or fence.

The only witnesses of the accident were Mr. and Mrs. Neubert. Mr. Neubert, the defendant, was called by plaintiffs as for cross-examination and testified as follows: ". . . my wife and I were coming down Constitution Boulevard and we were approaching the light and as we came down the light was red and I was slow-

ing for the light and then the light turned green and I went on through and we were about half way through, across the intersection when my wife turned and yelled to me, look out for that kid and then the next thing I knew I then saw his feet were up in front of the windshield like. . . . Q. Where was Robert Finnin when you first saw him? A. Well, whenever I first saw him, when his feet hit, whenever I saw in front, fly up in front of the car. Q. That is when you saw his body fly in front of the car is the first you saw him? A. Yes, sir."

Plaintiffs' witness, Trzeciak, a police officer, testified that he interviewed defendant right after the accident and defendant said that Finnin jumped the rail. Another witness, Miles Cable, testified for plaintiffs that he was driving his automobile about a block in back of defendant and ". . . all of a sudden I seen something flying through the air that looked like a card board at a distance, I couldn't make it out, it went up in the air, came down and went up a second time, . . .".

It is uncertain whether the accident happened opposite the concrete wall or opposite the rail fence, but it was probably the latter.

Defendant's car stopped 30 to 50 feet from the spot where young Finnin was supposed to have been hit.

Deep sympathy for this boy does not justify a Court's finding negligence unless the evidence justifies it. We said in *Brusis v. Henkels*, 376 Pa. 226, 102 A. 2d 146, " '. . . "The mere happening of an accident is no evidence of negligence. . . . Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of the accident:" . . .': Lanni v. P. R. R. Co., 371 Pa. 106, 109, 88 A. 2d 887. . . . 'It is well settled that conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and pre-

vented: Leoni v. Reinhard, 327 Pa. 391, 194 A. 490; Franzen v. Goodman, 325 Pa. 518, 190 A. 888; White v. Roydhouse, 211 Pa. 13, 60 A. 316; Gaupin v. Murphy, 295 Pa. 214, 145 A. 123.': Rockey v. Ernest, 367 Pa. 538, 541, 80 A. 2d 783.

"In Tua v. Brentwood Motor Coach Co. et al., 371 Pa. 570, 92 A. 2d 209, the Court said (page 575): '. . . But it is a cardinal rule of law that "Want of ordinary care consists in failure to anticipate what is reasonably probable—not what is remotely possible": Camp v. Allegheny County, 263 Pa. 276, 282, 106 A. 314. . .' "

In *Lanni v. P. R. R. Co.*, 371 Pa. 106, 88 A. 2d 887, the Court said (p. 110): "Negligence is the absence or want of care which a reasonable man would exercise under the circumstances. Maternia v. P. R. R., 358 Pa. 149, 56 A. 2d 233. We said in Miller v. Hickey, 368 Pa. 317, 325, 81 A. 2d 910: '. . . negligence need not be proved by direct evidence, but may be inferred from attendant circumstances if the facts and circumstances are sufficient to reasonably and legitimately impute negligence: Rockey v. Ernest, 367 Pa. 538, 80 A. 2d 783; Bills v. Zitterbart, 363 Pa. 207, 69 A. 2d 78; Turek v. Pennsylvania R. R. Co., 361 Pa. 512, 64 A. 2d 779; Randolph v. Campbell, 360 Pa. 453, 62 A. 2d 60; Wright v. Straessley, 321 Pa. 1, 182 A. 682.' "

*Ebersole v. Beistline*, 368 Pa. 12, 82 A. 2d 11, is very similar to and in principle rules the instant case. In that case the defendant driver of an automobile going 35 miles per hour through city streets ran into the rear of a bicycle and killed the 9 year old boy who was riding it. A directed verdict for defendant was sustained by this Court, because even when giving plaintiff the benefit of all facts and all reasonable inferences favorable to him, the facts and circumstances proved by plaintiff were not sufficient to enable a jury

to reasonably and legitimately find a want of due care. The Court said (pp. 16, 17, 18) : "The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and his negligence was the proximate cause of the accident. A verdict cannot be supported on the basis of mere speculation or conjecture. Proof of negligence may be furnished by the circumstances themselves and it is not essential to have eye-witness testimony, but where the circumstantial evidence is offered because direct proof is not available it must provide as the only reasonable inference the conclusion that the accident was caused by the negligence of the defendant. . . . In order to determine the question of defendant's negligence *the crucial fact to be ascertained was whether the boy,* riding his bicycle, *was ever in front of defendant's car at such a distance ahead of it and for such an interval of time that defendant, had he been properly alert, would have been able to stop his automobile and thus avert a collision.*\* . . . The testimony does not furnish answers to any of these questions, [how and when he got onto or in front of defendant's car] but leaves everything to mere conjecture and speculation; the manner in which the accident happened is not described or pictured so as to be capable of visualization. . . ."

In the light of these authorities plaintiffs failed to make out a prima facie case of negligence. There was no proof of absence or want of due care on the part of the defendant and conjecture, speculation, guess or suspicion do not amount to proof. The circumstantial evidence does not provide *as the only rea-*

---

\* Italics ours.

*sonable inference* the conclusion that the accident was caused by the negligence of the defendant; on the contrary the reasonable inference is that Finnin jumped off the fence on to or directly in front of defendant's car which was lawfully proceeding on Constitution Boulevard with a green light in its favor.

Plaintiffs contend that the fact that defendant's wife saw the boy a split second before he was hit is sufficient to prove defendant could have avoided hitting him if he had been exercising due care. The evidence does not support or justify this conclusion. There was no evidence of speed and the fact that defendant's automobile went 30 to 50 feet before it was brought to a stop is not sufficient under the facts in this case to prove negligence.*

If a boy suddenly and unexpectedly alights on your automobile in front of your windshield, or even suddenly jumps in front of your car from a fence, it is easy to understand how a startled driver of an automobile could not bring his automobile to a stop as quickly as under ordinary conditions because of the inevitable shock which this startling jump or darting would cause.

In this case there was no reason for defendant to anticipate that a child might suddenly jump (or dart) from the fenced off side of this street onto or in front of his car, and consequently there was not sufficient

---

* In the Digest of Vehicle Code of Pennsylvania, January 1, 1953, compiled and issued by the Department of Revenue, their chart on "Speed and stopping distances" shows (page 29) that if a man is driving 20 miles per hour, alertly under normal conditions and under ordinary circumstances, with perfect four-wheel brakes on best type of road surface—with nothing to startle him, as in the instant case—a car's *minimum* stopping distance is 40 feet ("18 feet of which are travelled while thinking to apply brakes"). It adds, "However in cases of emergency there is invariably momentary indecision on the part of the driver."

evidence of negligence to take the case to the jury. Cf. *Purdy v. Hazeltine*, 321 Pa. 459, 184 A. 660; *Wilson v. Butler Motor Transit Co.*, 368 Pa. 479, 84 A. 2d 207.

Appellants rely on *Jones v. Carney*, 375 Pa. 32, 99 A. 2d 462, but that case is clearly distinguishable, because the three year old boy had been standing or playing in the street for several seconds before he was struck by defendant's automobile, and defendant's explanation of why he failed to see him conflicted with plaintiff's testimony.

The order of nonsuit is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

If the defendant saw the 11-year old plaintiff Robert Allen Finnin climb over the railing bordering the thoroughfare on which he was driving his car, a duty devolved upon him to exercise extraordinary caution to avoid colliding with the child in the event the child proceeded into the cartway of the street. The police officer testified that the defendant admitted that he saw that "Finnin jumped the rail."

It is to be noted also that the defendant himself testified that his wife warned him to "look out for that kid." This warning from his wife, the officer's testimony that he (the defendant) saw the child sufficiently in advance to have anticipated the possible passing of the child into the street, the testimony of the witness Cable that the child was struck with such violence that his body was thrown into the air like a "cardboard," and the fact that the accident occurred at a street intersection were all factors which, taken together, would, in my opinion, support a prima facie case of negligence. It was for the jury to determine whether the testimony supporting the prima facie negligence was credible.

48

Because of that conclusion on my part, I would lift the nonsuit and award a procedendo.