Gift, Appellant, *v.* Palmer.

Argued March 21, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Daniel B. Winters,* with him *Arthur G. Stein,* for appellant.

*Frederick N. Egler,* for appellee.

OPINION BY MR. JUSTICE BELL, May 2, 1958:

Plaintiff Robert Gift sued defendant in trespass for personal injuries. The lower Court entered a nonsuit. A nonsuit can only be awarded in a clear case, and plaintiff must be given the benefit of all the evidence in his favor and all reasonable inferences therefrom: *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77; *Schofield v. King,* 388 Pa. 132, 130 A. 2d 93.

The evidence is very meager. Defendant was driving east along Mt. Oliver Street in Pittsburgh. There was no direct evidence of how the accident (which happened in the middle of the block) occurred. Five minutes before the accident, Mrs. Jesse (a neighbor), who was a block away, saw Robert Gift, aged 3, and his sister Jeanne sitting on their front doorstep playing with two little girls.

Robert's mother testified that a couple of days after the accident, defendant came to see her and said that he told her "coming up our street he said that he felt something hit his front bumper and he had thought it was a stone and kept going until he looked in his rear view mirror and he saw my son lying in the street . . . . Then he stopped and picked him up." The day was clear, the street was 30 feet wide with trolley tracks in the middle, and no cars were parked on the south side.

Although the law is clearly settled by countless cases, it seems necessary for us to repeat certain well established pertinent principles. A child three years

old cannot be guilty of contributory negligence: *Van Buren v. Eberhard*, 377 Pa. 22, 25, 104 A. 2d 98. The mere happening of an accident is not evidence of negligence. Plaintiff must prove by a fair preponderance of the evidence that the defendant was negligent and that his negligence was the proximate cause of the accident: *Karcesky v. Laria*, 382 Pa. 227, 230, 114 A. 2d 150; *Fries v. Ritter*, 381 Pa. 470, 473, 112 A. 2d 189; *Finnin v. Neubert*, 378 Pa. 40, 43, 105 A. 2d 77; *Brusis v. Henkels*, 376 Pa. 226, 102 A. 2d 146. Negligence is the want of due care which a reasonable man would exercise under the circumstances: *Finnin v. Neubert*, 378 Pa. 40, 44, supra; *Lanni v. PRR*, 371 Pa. 106, 109, 88 A. 2d 887; *Brusis v. Henkels*, 376 Pa. supra; *Maternia v. PRR*, 358 Pa. 149, 56 A. 2d 233. Conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented by the exercise of reasonable care: *Finnin v. Neubert*, 378 Pa., supra; *Brusis v. Henkels*, 376 Pa. 226, 230; *Helm v. South Penn Oil Co.*, 382 Pa. 437, 441, 442, 114 A. 2d 909; *Ebersole v. Beistline*, 368 Pa. 12, 82 A. 2d 11; *Rockey v. Ernest*, 367 Pa. 538, 541, 80 A. 2d 783.

*Ebersole v. Beistline*, 368 Pa., supra, and *Finnin v. Neubert*, 378 Pa., supra, are factually analogous to and in principle directly rule the instant case. In *Ebersole v. Beistline*, defendant drove his automobile 35 miles an hour through city streets in broad daylight, and ran into the rear of a bicycle and killed the nine year old boy who was riding it. The Court sustained a directed verdict for defendant, and said (pages 16-18):

"The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the

proximate cause of the accident. A verdict cannot be supported on the basis of mere speculation or conjecture. Proof of negligence may be furnished by the circumstances themselves and it is not essential to have eyewitness testimony, but where the circumstantial evidence is offered because direct proof is not available *it must provide as the only reasonable inference the conclusion that the accident was caused by the negligence of the defendant.* . . . In order to determine the question of defendant's negligence the crucial fact to be ascertained was whether the boy, riding his bicycle, was ever in front of defendant's car at such a distance ahead of it and for such an interval of time that defendant, had he been properly alert, would have been able to stop his automobile and thus avert a collision. . . . The testimony does not furnish answers to any of these questions, [how and when he got onto or in front of defendant's car] but leaves everything to mere conjecture and speculation; . . . ."

In *Finnin v. Neubert,* 378 Pa., supra, this Court directed a nonsuit under the following evidence: When defendant's automobile was about halfway through the intersection of the two streets, his wife yelled to him "Look out for that kid and then the next thing I knew I saw his feet were up in front of the windshield". Defendant never saw the plaintiff, who was 11 years old (and who was so badly injured that he could not remember any details of the accident) until his automobile hit him. The accident happened in broad daylight.

In the instant case there was no eyewitness to the accident; there was no evidence of the speed of defendant's automobile; there was no evidence where Robert Gift was just prior to the accident; there was no evi-

---

* Italics throughout, ours.

dence where he was at the time of the accident, when he bumped into the front fender of defendant's car; there was no evidence of facts or circumstances showing as the only reasonable conclusion that defendant could have seen Robert was in a place of danger and was likely to run into or be struck by his automobile and that defendant could have, by the exercise of reasonable care, stopped his automobile in time to avoid the accident.

Deep sympathy for this boy does not justify a Court finding negligence where no negligence was proved.

Judgment of nonsuit affirmed.

Mr. Justice MUSMANNO dissents.