Borzik, Appellant, *v.* Miller.

.Argued October 7, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

*Anthony Cavalcante,* for appellant.

*William B. Parshall,* with him *Parshall & Crow,* for appellees.

OPINION BY MR. JUSTICE BELL, April 18, 1960:

Plaintiff, Wanda June Borzik, appealed from a judgment of (compulsory) nonsuit which was entered in her action of trespass against the original defendants for personal injuries sustained by her while riding in their automobile, which was operated by their employee, the additional defendant, Joseph B. Borzik. While there were other actions and other claims, the only question on this appeal is the liability of the original defendants to this plaintiff.

Borzik was hired by defendants as a salesman and his territory covered numerous states. Defendants gave

him one of their automobiles to drive in furtherance of their business, and he also testified that he was allowed to drive it for his personal pleasure. On the evening of January 21, 1957, Borzik, at his invitation, picked up Miss McWilliams (whom he subsequently married) after work at the hospital in Waynesburg, where she was employed as a telephone operator. Borzik then stopped at her residence in Carmichaels and, at her request, took with them their infant son and proceeded through Masontown towards Uniontown on Route 21. Their destination was Macar's Wishing Well, a night club located on that highway. Plaintiff testified that he hoped to sell a car to the owner of the night club. Before arrival at the night club Borzik, in order to avoid a collision suddenly applied his brakes while traveling on a slushy highway causing the car to strike the bank on his right and then go over to the left lane and collide with a car traveling in the opposite direction. There is no evidence or any contention that Borzik was guilty of willful or wanton negligence. However, the evidence is sufficient for the jury to find that Borzik was on his master's business and was negligent at the time the collision occurred.

It is, of course, Hornbook Law that a nonsuit can be entered only in a clear case, and the plaintiff must be given the benefit of all the evidence in his favor and all reasonable inferences therefrom. *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77; *Schofield v. King,* 388 Pa. 132, 130 A. 2d 93; *Gift v. Palmer,* 392 Pa. 628, 141 A. 2d 408.

In *Reis v. Mosebach,* 337 Pa. 412, 12 A. 2d 37, the employer had given tacit consent or acquiescence to their employee's custom of taking a rider along with him. In denying liability upon the employer the Court aptly said (page 414): ". . . To sustain a recovery, under these circumstances, it should appear that the act of the driver in permitting the boy to ride, was

fairly within the scope of his employment: Wind v. Steiert & Son, 71 Pa. Superior Ct. 194; Byrne v. Pittsburgh Brewing Co., 259 Pa. 357; Scheel v. Shaw, 60 Pa. Superior Ct. 73. If he so acted, the master owed a duty through his agent to see that no negligent act should happen that might injure the invitee. The test is not that, when the invitation was given, he was engaged in the course of his employment in his master's business, but was the invitation or its consequences in furtherance of the master's business,* so that it might be said to be impliedly within his authority? The master is bound by the acts of his servant in the course of his employment but he is not bound by those outside of such employment. The servant (a truck driver) has no right to impose upon his master's onerous liability by holding him responsible for the safe carriage of any person he may see fit to accept as a passenger. . . . If there was some risk in riding, the passenger assumed whatever risk there was. . . He had no implied authority to permit boys to ride on his truck and acted beyond the scope of his employment when he did so."

*Reis v. Mosebach* was affirmed as recently as 1958 in *Muroski v. Hnath,* 392 Pa. 233, 139 A. 2d 902. In that case this Court entered a judgment non obstante veredicto in favor of an employer when its employee became tired and asked his friend to drive the rest of the way back to the office. The friend drove negligently and as result of a collision plaintiff was killed. The Court held that an employer is liable for a stranger's negligence only if its employee had express or implied authority to engage a friend to drive the automobile or if the friend's employment because of an emergency, was reasonably necessary for the perform-

---

* See to the same effect *Hughes v. Murdoch S. & T. Co.,* 269 Pa. 222, 112 A. 111.

ance of the employer's work. The Court said, inter alia:

"In Corbin v. George, 308 Pa. 201, 162 A. 459, the Court said (page 204) : 'The relation of master and servant cannot be imposed upon a person without his consent, express or implied. The exception to this rule is that a servant may engage an assistant in case of an emergency, where he is unable to perform the work alone: [Citing cases]'

"Plaintiff's contention . . . would permit an employee to take a girl friend or to pick up a stranger for a ride and under any of half a dozen pretexts, permit her or him to drive the employer's car and thereby make the employer liable for the acts of a total stranger. This is not only contrary to established law, but would open wide the door to fraud. Tusko v. Lynett, 326 Pa. 449, 192 A. 410; Reis v. Mosebach, 337 Pa. 412, 12 A. 2d 37; Jacamino v. Harrison Motor Freight Company, 135 Pa. Superior Ct. 356, 364; Corbin v. George, 308 Pa., supra; Ginther v. Graham Transfer Company, 348 Pa., supra; White v. Consumers Finance Service Company, 339 Pa., supra."

Plaintiff's evidence is (1) that at times she assisted Borzik in delivering cars by driving his demonstrator to the point of delivery in order to furnish him transportation for his return trip, and (2) that the defendants, his employer, knew plaintiff had ridden with Borzik in the past when he went to see prospective customers and did not object. This is not sufficient to impose liability upon defendants in this case.

As Judge DUMBAULD well said: "But even if the trip was for business purposes insofar as Borzik was concerned, there was no business purpose insofar as the presence of his [friend] . . . and [their] child was concerned. Defendants could not be liable to them (except for wanton recklessness), even if there might

be liability towards third parties (such as the occupants of the Pontiac) if Borzik were negligent.

. . .

"It is true that under his arrangement with his employers, Borzik was entitled to use their automobile, which was a demonstrator, as his personal car. But that merely meant that his use of the car for personal business was not wrongful or a breach of contract with respect to them; it did not mean that they became liable to his personal guests for his negligent driving, any more than they would be liable for defamatory statements made by him over their office telephone if they permitted him to use it for personal calls."

Plaintiff was in the car for the personal pleasure of Borzik and herself, and there is not the slightest evidence that her presence in defendants' car at the time of the collision was in furtherance of the employers' business.

Judgment affirmed.

Mr. Justice BOK dissents.