## Baumgardner v. Boehme

Before O'Connell, P. J., Weiss and Sulco, JJ.

*Herbert Buchman*, for plaintiffs.

*Avra N. Pershing, Jr.*, for defendant.

WEISS, J., January 26, 1960.—This case is before the court for disposition of defendant's motion for judgment on the pleadings.

Plaintiff, Denis Baumgardner, a minor, filed a complaint December 15, 1958, by his parents, James L. Baumgardner and Angeline Baumgardner, guardians ad litem. The complaint alleges, inter alia, that on August 28, 1957, defendant, by his agent, servants and

employes, was engaged in repairing the roof of the home of James L. Baumgardner and Angeline Baumgardner, and that in full view of the minor (at the time, four years of age) defendant discarded the binding wire used on the material for the roof without bending, twisting or compressing it into small rolls. This wire was allegedly scattered onto the premises of the Baumgardner home where the boy was cycling. Plaintiff further alleges that without due regard for the minor plaintiff's safety, defendant, by his agent, servant and employes, failed to warn the cycling child of the danger involved in riding upon or playing with the binding or spring wire scattered in the area. It is alleged that defendant's failure to exercise reasonable precaution in disposing of the wire so as not to make the minor plaintiff attracted to the novelty thereof was negligence and that while cycling over the wire scattered upon a concrete walkway, a piece was caught in the tricycle and thrown or sprung into the minor plaintiff's right eye. Plaintiff specifically alleges, following allegations of alleged negligence of the defendant, that "as a result whereof through either of the aforementioned activities" he, plaintiff, sustained the loss of his right eye and other injuries.

In the answer to interrogatories, defendant admits that all his workmen had seen the child about the house and yard on the fatal day and says further that a tarpaulin had been spread on the ground next to the house and that all the job scrap had been placed in one or two piles thereon.

The motion for judgment on the pleadings assigns seven reasons in support thereof, as follows:

"1. The Complaint does not allege any actionable negligence on the part of the defendant.

"2. The Complaint does not allege any basis for a legal cause of action against the defendant.

"3. The negligence alleged on the part of the defendant was not the proximate casue, or alleged to be the proximate cause, of the accident resulting in the injuries alleged.

"4. The Complaint fails to show in what manner the defendant's alleged negligence caused the personal injuries complained of by the plaintiffs.

"5. The Complaint fails to state a cause of action.

"6. The Complaint is vague and does not define the negligence of the defendant with sufficient specificity to constitute a cause of action.

"7. The Complaint fails to establish the breach of a duty owed to the plaintiffs by the defendant."

In his behalf, defendant has cited numerous cases to support the argument that the accident and injury sustained by the minor plaintiff was not reasonably forseeable. He also contends that he breached no duty owed to plaintiff and that in reality the parents of the minor plaintiff were negligent in not properly supervising the child. With respect to whether the injury to the minor plaintiff was reasonably foreseeable, this court adopts the view expressed by the Supreme Court in Clewell v. Pummer, 384 Pa. 515, which says, inter alia: "Any act which subjects an innocent person to an unnecessary risk is a negligent act if the risk outweighs the advantage accruing to the action."

The minor plaintiff in the instant case was most certainly an innocent person exposed to a risk unnecessarily by defendant's careless scattering of material in the area where the child played. Defendant knew, or should have known, that the spring wire and other debris scattered in this manner would attract the minor to the novelty thereof. The unreasonableness of the risk is augmented by the fact that defendant's employes observed the child in the immediate area where they were discarding the binding wire.

The facts of the instant case are distinguishable from those in other cases cited by defendant in which plaintiff was a trespasser or was not in the immediate area of the negligent acts at the time they were committed. We are of the opinion that the cases cited by defendant are not controlling and conclude that plaintiff's injury was foreseeable.

In addition, this court rejects defendant's contention that he is entitled to judgment on the pleadings by raising the question of the negligence of the minor plaintiff's parents in not supervising the child. We see no basis for defendant's contention in the pleadings.

Defendant's third assignment of error raises the question of proximate cause. For the purposes of this proceeding, we must acknowledge as true all well pleaded facts and be guided by the same principles as are applicable in disposing of a preliminary objection in the nature of a demurrer: London v. Kingsley, 368 Pa. 109. Defendant argues that as a matter of law the negligence alleged on the part of defendant was not the proximate cause of the resultant injuries. He cites the case of Leoni v. Reinhard, 327 Pa. 391, wherein it is said, inter alia: "It is true that in other jurisdictions the question of proximate cause is most frequently left to the jury. In this Commonwealth, however the question within certain limits, is regarded as one of law (i.e. legal cause), and where as in this case, the relevant facts are not in doubt, the Courts have not hesitated to assume the responsibility of deciding it."

In the Leoni case cited by defendant, plaintiff child was not actually on the scene at the time of loading the truck with unslacked lime. The court in that case held that the accident was due to a chain of independent and unforeseeable circumstances. We agree that in the Leoni case it was unforeseeable at the time of

loading the truck that somewhere the particular plaintiff would pick up some of the lime that fell off; but these facts are far different from those of the instant case where plaintiff's presence, at the time of carelessly discarding and scattering the spring wire, was known to defendant, through his agents, and reasonable men would have foreseen the danger to the child created by their acts. There were no unforeseeable independent circumstances. The minor plaintiff was seen riding his tricycle around the house where the debris was being thrown. Coyne v. Pittsburgh Railways Co., 393 Pa. 326, is a later decision which we feel applicable. In this case, the Supreme Court adopts and applies Black's Law Dictionary definition of proximate cause. At page 334, the court says that proximate cause is: " 'That which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and *without which the result would not have occurred'.*" (Italics supplied.)

The court goes on to say that the main purpose of law is to protect life, limb and property from unnecessary invasion and: "A discussion of proximate cause, which necessarily involves some imponderables, does not always produce solutions of irrefutable mathematical perfection . . . it is the exercise of *common sense and practical reasoning,* and not elaborate and labyrinthian disputation—which determines whether or not the negligent act . . . was the proximate cause of the accident." (Italics supplied.)

The other portion of the third assigned error is that plaintiff failed to allege that defendant's negligence was the proximate cause of the accident resulting in the injury. In his complaint, plaintiff sets forth the acts of defendant, which we assume to be true in this proceeding. The complaint sets forth specific alleged negligent acts of defendant in various paragraphs, and then in paragraph 9, plaintiff says, inter alia:

". . . as a result whereof through either of the aforementioned activities, he (minor plaintiff) sustained injuries . . ." This portion of paragraph 9 sufficiently sets forth that the alleged negligent acts of defendant were the proximate cause of plaintiff's injuries. The court considers this pleading sufficient to dismiss the third assignment of error as being without merit.

The other reasons assigned in support of the motion for judgment on the pleadings can be grouped for disposition. In substance, they state that plaintiff has not pleaded a good cause of action and has not shown the breach of a duty defendant owed to plaintiff. We are of the opinion that defendant owed the innocent plaintiff the duty not to expose him to an unreasonable risk and, under the facts and circumstances alleged, we cannot, as a matter of law, hold that plaintiff has failed to plead that defendant did not breach a duty owed to the minor plaintiff. Nor can we say there is a failure to state a legal cause of action.

We consider binding the view expressed in the case of Coyne v. Pittsburgh Railways Co., supra, where, on page 331, it is said that proximate cause is peculiarly a jury question. Our courts are prone to give full opportunity to parties to litigate their differences on the merits. Summary judgment will be entered only in a case that is clear and free from doubt: Waldman v. Shoemaker, 361 Pa. 587. This court finds the pleadings in the instant case to be free of defects and hence we are constrained to rule that defendant's motion for judgment on the pleadings be denied.

### Order

And now, to wit, January 26, 1960, after due and careful consideration, it is hereby ordered, adjudged and decreed that defendant's motion for judgment on the pleadings should be and the same is hereby denied.