Charles R. WARREN, a minor by Thelma S. Warren, his natural guardian and next friend and Thelma S. Warren, Plaintiffs,

v.

MIDWEST EMERY FREIGHT SYSTEMS, INC., Defendant.

Civ. A. No. 44–68 Erie.

United States District Court
W. D. Pennsylvania.

Aug. 22, 1969.

---

William G. Sesler, and Andrew J. Conner, Erie, Pa., for plaintiffs.

William K. Herrington, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff Charles R. Warren, a minor, by Thelma S. Warren, his natural guardian and next of kin, and Thelma S. Warren in her own right, bring this diversity negligence action against defendant to recover for minor plaintiff's extensive injuries incurred when the defendant's truck in which plaintiff was a passenger and which was driven by plaintiff's father, Ralph Warren, on defendant's business, left the road, struck two trees, killing the father and injuring plaintiff.

The case was tried before a jury and the jury after deliberation arrived at a verdict which we believe cannot stand.

The jury awarded the precise amount of the proven medical bills to the mother-plaintiff, and specifically denied any recovery to the minor plaintiff for pain and suffering to which he was clearly entitled if the defendant was liable. The jury returned this verdict after specific additional instructions were requested and given on this very point. The jury were told that they could not award any damages without finding liability, but that if liability was found they must consider the substantial and uncontradicted evidence of minor plaintiff's physical injury, pain and suffering. These were not subjective symptoms—two fractured legs, hospitalization and surgery were involved, plus a long period of convalescence.

We suspect that the jury's verdict was influenced by sympathy for the widowed mother of the minor, and a desire to recompense her for her medical expenses, rather than a finding of liability under the law as stated in the charge of the court.

The question of liability involved minor plaintiff's status on the truck at the time of the accident.

Defendant now moves for a Judgment Notwithstanding the Verdict asserting that plaintiff's evidence produced at trial was not sufficient for a jury to find that Ralph Warren had implied authority to permit Charles R. Warren to ride in his truck or that Charles' presence was in furtherance of the business of Midwest Emery. That is, as to defendant, was plaintiff a mere trespasser or had he, through the implied consent of defendant, become a licensee thereby being entitled to protection from acts of negligence of defendant's employees.

Plaintiff's theory of liability rests on the following evidence which for purposes of defendant's motion we must accept in a light most favorable to plaintiff. The following evidence was presented by plaintiff to prove implied consent and actions in furtherance of defendant's business:

1. Charles had accompanied his father on several trips to Rochester, New York, in the summer of 1965 and 1966.

2. Charles had accompanied his father on a trip to Rochester, New York, in December 1966, a week before the accident.

3. On each trip to Rochester, New York, Charles helped his father unload the truck at various stops in Rochester.

4. On trips to Rochester in 1965 an employee of defendant company designated as a "city man" was assigned to help the driver to unload at various

stops. Charles also helped unload at these times.

5. On trips to Rochester in 1966 when Charles accompanied his father and helped to unload no "city man" was assigned to the driver.

6. On every trip to Rochester in which Charles accompanied the driver, the truck would stop after completing its deliveries at a terminal identified as defendant's terminal by the presence of defendant's trucks, an employee in an overall with defendant's identifying label, and defendant's name on a sign in the office. At this office was an employee who collected the driver's shipping invoices and who gave orders for the further use of the truck. On one occasion at this office Charles was introduced to this "dispatcher" as the son of the driver and also Charles talked to the employee. On other occasions at the terminal Charles would check the tires and remain at the terminal about fifteen or twenty minutes.

7. No objection was ever raised by any employee or officer of defendant to Charles Warren's presence in the truck.

8. There was no sign on the truck which stated that passengers were not permitted.

9. At no time was Charles ever informed that passengers were not permitted.

10. During the trip in question, Charles assisted his father in repairing the refrigerator unit on the truck by holding a flashlight to provide light to work and by passing his father the necessary tools. He also checked air pressure in the tires during the course of the trip.

11. The trip on which the accident happened was a trip to Rochelle, Illinois, to pick up a load of meat to be delivered to Rochester, New York.

12. This was the first trip the minor plaintiff had ever made to this terminal.

13. Minor plaintiff requested permission of his father to accompany him to Rochelle, Illinois, and the return to Erie, Pennsylvania.

14. Minor plaintiff asked to accompany his father on this trip because he was then on a school vacation and wanted to take the trip for his own enjoyment. The minor testified, "I just went along for the ride".

15. The tractor unit was owned by deceased Ralph Warren and leased to defendant Midwest Emery to haul their trailers under their rights.

16. On occasions minor plaintiff cleaned out empty trailers of defendant when they were parked at his home between trips.

We instructed the jury that under the circumstances of this case, Charles could not recover if they found that he was on the truck without the permission of Midwest Emery, because Midwest Emery could not be imposed with liability for injury to some person riding in their trucks unless that person was there by their express or implied consent. Since no evidence had been introduced to prove an express consent the permission had to be implied from the knowledge or notice of some person in the defendant's organization who had the power and authority to deal with this question, i. e., to direct the operation of Ralph Warren, the driver of the defendant.

Reis v. Mosebach, 337 Pa. 412, 12 A. 2d 37 [1940] involves an action for personal injuries sustained by plaintiff when defendant's truck, on which plaintiff was riding at the driver's request in order to help distribute milk, ran into a tree because of defendant's negligence in the failure to have the truck in proper repair. The court found that the evidence was insufficient to establish the defendant had knowledge, or acquiesced in plaintiff going out with the driver on his route and granted defendant's Motion for a Judgment N.O.V. At trial plaintiff tried to show circumstances from which the jury could infer that the defendant knew or should have known that Reis was going out on the route. This included the fact that a foreman (off-duty and not the driver's foreman) was informed plaintiff was going along

to help, the fact that plaintiff was in the milk truck while it was being loaded in defendant's terminal, and that one of the proprietors was present that evening in the terminal. The court as a matter of law determined that there was not sufficient evidence upon which to support a finding of knowledge or acquiescence. The court found that plaintiff had not carried the burden of proof as to the first element necessary for recovery as no proof was introduced to show that one in a position of authority had actually been aware of Reis' presence.

In the present case plaintiff's only evidence on the issue of defendant's notice or acquiescence was the testimony of Charles Warren that he had been introduced to a dispatcher at defendant's terminal in Rochester and had been seen by him there on several other occasions. Neither party produced the dispatcher for his testimony. Defendant's failure to produce this witness or explain his absence raises a permissible inference of notice and acquiescence on the trips to Rochester.

We believe that the evidence produced by plaintiff was sufficient to show defendant's knowledge or acquiescence of plaintiff's presence on trips to Rochester, New York, but question whether it is sufficient to support a finding that Midwest Emery impliedly consented to Charles presence on trips elsewhere, including a trip to Rochelle, Illinois. The Rochelle trip was the first trip plaintiff had made to this terminal and plaintiff's presence was for his own benefit. Even if we assume that this evidence is sufficient to show notice or acquiescence, the second element in plaintiff's cause of action is missing.

We also instructed the jury that if there had been sufficient notice and there had been no objection thereto that it was incumbent on the plaintiff to show that the invitation or its consequences were in furtherance of the business of Midwest Emery so that the invitation might be said to be impliedly within Ralph Warren's authority. We

believe this to be the law as set forth in Borzik v. Miller, 399 Pa. 293, 159 A.2d 741 [1960]; Noel v. Puckett, 427 Pa. 328, 235 A.2d 380 [1967], and Reis v. Mosebach, supra. In Borzik v. Miller the plaintiff was a passenger in a car operated by her boyfriend but owned by the employer and provided for the driver's use and convenience in making sales calls. The plaintiff testified that at times she assisted Borzik in delivering cars by driving his demonstrator to the point of delivery in order to furnish him transportation for his return trip, and that the defendant, the employer of Borzik, knew that the plaintiff had ridden with Borzik in the past when he went to see prospective customers, and did not object. The critical factor upon which plaintiff was denied recovery was the fact that even though the defendant employer knew of plaintiff's presence on prior trips, and would impliedly have consented to the trip in which plaintiff sustained her injuries, she was not along in furtherance of the employer's business, because she was along for her own enjoyment and was not providing Borzik a means of returning home. The court on defendant's Motion for Nonsuit gave plaintiff the benefit of all of the evidence in her favor and of all reasonable inferences therefrom and concluded that on the trip in question she was along for her personal pleasure and therefore granted defendant's motion.

The Court in Muroski v. Hnath, 392 Pa. 233, 139 A.2d 902 [1958] ruled that fatigue of the employee driver did not create an emergency which would justify the employment of another person to drive and would take an unwarranted distortion of the implied authority of driver to employ another because of an emergency "reasonably necessary for the performance of the work of [the employer]." "It would permit an employee to take a girl friend or to pick up a stranger for a ride and under any of half a dozen pretexts, permit her or him to drive the employer's car and thereby make the employer liable for the acts of a total stranger. This is not only con-

trary to established law, but would open wide the door to fraud." (pp. 903, 904).

We believe the "work or benefit" provided by the plaintiff in the present case falls within the half dozen pretexts mentioned by the *Muroski* case for which an employer should not be held responsible for their employee's negligence toward third-party passengers.

We have carefully considered plaintiff's evidence as to this matter and find that plaintiff has not prima facie shown that Charles' presence on the truck during the trip to Rochelle, Illinois was intended and was never more than incidentally beneficial for defendant's business. Charles testified that he had asked his father to go on this trip because he had never been to Rochelle. (Tr.8). He went along because he liked to be around tractors, machinery and engines. (Tr. 33, 34). The only work or services he performed was holding a flashlight and passing tools to his father to repair the refrigerator unit. This took approximately 15 minutes. Charles also recalls testing the tires to see that they were properly inflated. Other than these trivial matters Charles did nothing to further Midwest Emery's business. We believe these insignificant occurrences should not be considered as being a business benefit to defendant. Charles was travelling with his father over the Christmas vacation purely for his own benefit and enjoyment with no intent or thought of furthering the business of Midwest.

### ORDER

Defendant having moved for a directed verdict at the end of plaintiff's evidence and having renewed that motion at the end of the case, Defendant's Motion for Judgment N.O.V. is GRANTED, and judgment is ORDERED entered for Defendant.

Plaintiff's Motion for New Trial solely on the issue of damages is DENIED.

It is so ORDERED this 22nd day of August, 1969.